(75 South. 961)

TROXELL v. MOODY, Judge of Probate.

(8 Div. 27.)

(Supreme Court of Alabama. May 31, 1917.)

1. MUNICIPAL CORPORATIONS ⬤═48(1)—COMMISSION FORM OF GOVERNMENT—PETITIONS —RIGHTS OF ELECTORS.

If the probate judge has, under Acts 1911, p. 591, acted on petition for an election to determine whether the commission form of government shall be adopted, the mere fact that a person is an officer under the old form gives him no greater right than any other citizen to have the petition set down for further hearing, since he has no vested interest in the office, and the statute does not provide for a proceeding inter partes.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 127, 128.]

2. MANDAMUS ⬤═29—FUNCTIONS OF—JUDICIAL ACTS.

The probate judge's action in regard to petition for an election under Acts 1911, p. 591, involves judicial discretion, and though mandamus is the proper remedy, if he refuses to act, after he has acted and regardless of wrong, it cannot be remedied by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 64.]

3. CONSTITUTIONAL LAW ⬤═56—POWERS OF LEGISLATURE.

The provision of Acts 1911, p. 591, making the decision of the probate judge final as to sufficiency of a petition for an election relating to commission form of government is within the powers of the Legislature.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 62–65.]

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Mandamus by J. Luther Troxell against A. H. Moody, as Judge of Probate. Decree denying the petition, and relator appeals. Affirmed.

John B. Tally, of Scottsboro, for appellant. John F. Proctor, of Scottsboro, for appellee.

SAYRE, J. Citizens of Bridgeport, desiring the adoption of the commission form of government for that city, filed with the judge of probate their petition for an election as provided by section 2 of the act "To provide and create a commission form of government and to permit the adoption of same in all cities in the state of Alabama," etc. (Acts, 1911, p. 591 et seq.). Some days afterwards a petition on behalf of appellant, Troxell, and others, Troxell being the mayor of the city of Bridgeport, was filed, in which it was alleged that a number of signers had attached their names to the petition for an elec-

tion under the fraudulently induced belief that the object of the petition was to procure the repeal of an ordinance prohibiting stock from running at large in said city, that certain other signers were not qualified electors in said city, with the alleged result that the petition for an election was not signed by the requisite number of qualified electors and was fraudulent and void. Upon this showing Troxell and others prayed "the court" to set a day and hear the evidence in support of their denial of the validity of the petition for an election. The judge thereupon announced that "he had conferred with parties on both sides of the controversy and had examined the official poll lists in his office, and was satisfied the requisite number of qualified electors had signed the said petition," and then refused to hear the evidence which appellant proposed to offer. The appellant then immediately filed his petition in the circuit court praying for a writ of mandamus directed to the judge of probate and commanding him to hear the evidence to be submitted by appellant. In his answer appellee alleged that he had made a careful inspection of the petition for an election and the objections thereto, had listened to all who had anything to say on either side of the controversy, had examined the official poll lists, and from a careful examination of the records and such evidence as was obtainable had found that the petition contained the names of the requisite number of electors to authorize an election, and had so certified the facts to the mayor of Bridgeport prior to the service of the rule nisi in the matter of the application for a writ of mandamus. At the hearing it was agreed that the official poll lists did not correctly show the qualified electors, and that appellee had mailed his certificate to appellant after the service of the rule nisi, but on the same day. The court denied the petition for mandamus.

[1-3] Section 2 of the act provides that:

"The Judge of probate shall examine such petition and determine whether or not the same is signed by the requisite number of qualified electors of such city to authorize such election in such city for the purpose of adopting the provisions of this act, and if such probate judge shall find that said petition contains a requisite number of electors to authorize such an election he shall within ten days from the receipt of said petition certify such fact to the mayor of the city in which such election is so petitioned, and the certificate of the judge of probate as to the sufficiency of said petition shall be final."

The statute makes no provision for a proceeding inter partes. The question whether an election should be held was one of general public interest—one in which appellant had no more legal interest than any other citizen of Bridgeport. He had no vested interest in the office which he held. No more than any other citizen of Bridgeport was he entitled to have the question of the sufficiency of the petition for an election set down for further hearing, after it had once been heard and determined by the probate judge. The probate judge's action in the matter of the petition involved judicial judgment and discretion. If he had refused to act, mandamus might have been employed to compel action; but, having acted, if error or wrong was committed, it could not be remedied by mandamus. Taylor v. Kolb, 100 Ala. 603, 13 South. 779. The statute makes the action of the judge of probate final. It cannot be said that this provision was without the power of the Legislature, and we deal with the statute as we find it.

It results that the judgment denying the writ of mandamus must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.