(80 South. 412)

EMINENT HOUSEHOLD OF COLUMBIAN WOODMEN v. LOCKERD.   (8 Div. 142.)

(Supreme Court of Alabama.   Dec. 19, 1918.)

1. JUDGMENT ☞163 — REHEARING — PRACTICE—DEMURRER.

The practice, in proceedings for rehearing under the four-month statute, Code 1907, § 5372, of considering the petition for rehearing as a declaration of facts to which demurrer will lie, does not obtain in a proceeding to set aside a judgment within 30 days, under Acts 1915, p. 708, § 3.

2. JUDGMENT ☞143(3)—OPENING DEFAULT —PROPRIETY.

Where defense depended on papers in defendant's possession and the testimony of one witness within easy reach, it was not error to enter judgment on defendant's default, though the office of his chief counsel was at some distance, and communication somewhat difficult; due diligence not having been shown.

3. APPEAL AND ERROR ☞957(1)—REVIEW— VACATION OF DEFAULT JUDGMENT—JUDICIAL DISCRETION.

Refusal to set aside a judgment by default resting in the sound discretion of the trial court will not be reviewed by appeal.

4. MANDAMUS ☞53 — DEFAULT — REFUSAL TO VACATE.

Refusal to set aside default will be reviewed on application for mandamus only in case of abuse of discretion.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by Tinie Lockerd against the Eminent Household of Columbian Woodmen. Judgment for plaintiff by default, and defendant appeals. Appeal dismissed, and alternative motion for mandamus denied.

John R. Tyson, of Montgomery, for appellant.

Lawrence E. Brown, and John F. Proctor, both of Scottsboro, for appellee.

SAYRE, J.   Judgment by default in the suit of appellee against appellant was rendered September 6, 1917.   The transcript does not disclose the date of defendant's motion, but it does show that said motion was continued on September 22, 1917, and overruled March 23, 1918.   The motion stated (1) facts going to show that defendant had a good defense, and (2) that defendant's attorney, who resided at Montgomery, "while preparing to set up the defense of this defendant, was called to New York City on account of the serious illness of his daughter, and his time was taken up with caring for her and her removal to her home in Montgomery, Ala., until the judgment nil dicit in this cause was rendered."

[1] Counsel for appellant state the proposition that the facts alleged in the motion, the sufficiency of which was not challenged by demurrer, were proved, and therefore the trial court committed error in overruling the motion.   It has been the practice in proceedings for rehearing under the four-month statute, section 5372 of the Code, to consider the petition as in the nature of a declaration of facts upon which the petitioner predicates his claim for relief, and to which a demurrer will be entertained with further consequence as in the case of a declaration demurred to. Powell v. Washington, 15 Ala. 803.   But the present proceeding invokes the plenary power of the court to set aside its own judgments, for proper cause shown, within 30 days from the rendition of judgment as provided by the statute (Acts 1915, p. 708, § 3), and we are not advised that the practice above referred to obtains in such cases.   Broadly speaking, it is the duty of the court on a motion of this character to see that the substantive law is enforced, and one requirement of that law, based upon sound policy, is that parties impleaded must be diligent in the assertion of their rights.

The action in this case was commenced in the circuit court of Jackson, July 30, 1917. Process to bring in appellant, as provided by law, was served on the insurance commissioner August 1, 1917.   Notice reached the office of defendant's general counsel in Atlanta, Ga., August 8th, and on the same day he forwarded the file, containing information as to the defenses proposed, to counsel at Montgomery, who was in charge for appellant of all litigation in this state.   August 20th, the counsel at Montgomery advised gen-

eral counsel in Atlanta that an attorney at Scottsboro would be associated in defense, and requested a copy of the covenant (policy) sued upon and a copy of the constitution and by-laws of the defendant fraternal order. August 28th, counsel at Montgomery urgently repeated his request for copies, but by reason of absence from his office on business in Washington, D. C., first, and illness afterwards, the communications of August 20th and 28th were not answered by the Atlanta attorney until August 31st. The answer would have reached counsel at Montgomery in due course of mail September 1st, but on that day he was called out of the state by the illness of his daughter, which detained him until September 11th. In the meantime, August 17th, counsel at Montgomery wrote to an attorney at Scottsboro tendering employment in the case. August 18th, the Scottsboro attorney wrote accepting the employment and notifying counsel at Montgomery that he awaited his further wishes. Hearing nothing further, counsel at Scottsboro filed a plea of some sort, but when the case was called for trial, on September 6th aforesaid, the court struck the plea as having been filed too late, whereupon local counsel withdrew their appearance and the court entered its judgment by default.

[2] There was of course nothing for the court to do except to enter judgment, whether by default or nil dicit was a mere matter of form and was of no consequence. Elyton Land Co. v. Morgan, 88 Ala. 434, 7 South. 249. It was the duty of defendant and of defendant's counsel to know when, under the rules of the court, its case would be called for trial and to attend at that time with its defense, or some cause for continuance, prepared for submission to the court. Parties are held accountable for the actions of counsel (Ex parte Walker, 54 Ala. 577), and counsel in this case gave the court in effect to understand that there was no maintainable defense. True, the line of communication established between defendant and its representative on the firing line at Scottsboro was long and bent in different directions; but the difficulty of the situation should have served as a stimulus to diligence, and it cannot well be denied that, notwithstanding the adverse conditions under which defendant's case was conducted, the defense—depending on a paper or two in the possession of defendant and the testimony of one witness in the county and within easy reach of the courthouse—with due diligence all along the line could have been presented to the court, or good cause shown for delay, which, we must assume, the trial court would not have denied.

[3, 4] As the case appeared to the court on September 6th, the attorney for plaintiff being then in court and insisting upon judgment, there was, as we have said, no course open to the court but to render judgment as it did, while as for the action of the court in overruling the motion to set aside the judgment, the causes on which the motion was rested appealed to the sound judicial discretion of the trial court and will not be reviewed by appeal. Wilkins v. Windom, 197 Ala. 510, 73 South. 29. Such action may be reviewed on application for the writ of mandamus (Brazel v. New South Coal Co., 131 Ala. 416, 30 South. 832; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 South. 836); but that writ, in cases of this peculiar character, will be used only to prevent an abuse of the discretion lodged in the trial court. Applying these principles to the facts shown, the court here feels bound to hold that error is not made to appear in the judgment of the trial court overruling defendant's motion.

Appeal dismissed; alternative motion for mandamus denied.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.