(93 South. 283)

**Ex parte C. W. HOOPER & CO.**    (2 Div. 256.)*

(Court of Appeals of Alabama. April 4, 1922. Rehearing Denied May 9, 1922.)

1. **Mandamus ⬤53—Abuse of discretion in granting new trial must appear before writ issues to compel vacation of order.**

The granting or refusal of a new trial rests with the sound discretion of the trial court, and that this discretion has been abused should be made to appear before a writ should issue compelling vacation of order granting it.

2. **Mandamus ⬤53—In application for writ to set aside order vacating default judgment, defendants held not entitled to set up court's discretionary powers.**

Where, in an action against two defendants, continuance was promised on condition that it appeared that a pending equity cause between defendants would determine the instant action, and at time for trial defendants' attorneys were notified to appear and failed to do so, and did not show any connection between the two cases, nor was any showing made why plaintiff should not have default either at time of judgment or on motion to set it aside, in plaintiff's application for mandamus to set aside the order vacating the default, defendants cannot take refuge under the court's discretionary powers in such matters.

3. **Mandamus ⬤172—Objection to court's authority to hear motion cannot be first urged in application for writ to compel vacation of order thereon.**

Where a motion was heard and determined on its merits, without objection or claim that the court was without authority to hear it because the record failed to show an order continuing the motion, the objection cannot be raised first on application for writ of mandamus in Court of Appeals to compel vacation of the order thereon.

4. **Judgment ⬤165—Default judgment against codefendants improperly set aside as whole on application by one.**

Where default judgment was rendered against codefendants, and only one moved to vacate it, it was improper to vacate it as a whole.

Application of C. W. Hooper & Co. for mandamus to be directed to Hon. R. I. Jones, Judge of the Circuit Court of Marengo County, requiring him to set aside and annul an order entered by him setting aside and vacating a judgment by default rendered in

⬤ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Certiorari denied Ex parte Jones, 207 Ala. 697, 93 South. 661.

favor of C. W. Hooper & Co. and against S. L. Crook and J. H. Coleman. Writ granted.

William Cuninghame and I. I. Canterbury, both of Linden, for appellant.

Under the facts as they appear from the record, the court improperly exercised its discretion in granting the motion to set aside the judgment. 102 Ala. 317, 14 South. 786; 202 Ala. 330, 80 South. 412; 54 Ala. 577; 201 Ala. 13, 75 South. 304; 66 Ala. 541; 108 Ala. 81, 19 South. 326; 97 Ala. 511, 12 South. 34; 103 Ala. 536, 15 South. 844. Mandamus is the proper remedy. 202 Ala. 331, 80 South. 413; 72 Ala. 559; 131 Ala. 418, 30 South. 832; 95 Ala. 598, 10 South. 839; 197 Ala. 510, 73 South. 29.

Harwood, McKinley, McQueen & Aldridge, of Eutaw, and Thomas F. Seale, of Livingston, for appellee.

The court had an inherent power to set aside the judgment during the term of court. 167 Ala. 316, 52 South. 829. The court exercised a sound discretion, which will not be revised. 69 Ala. 473; 11 Ala. 270; 65 Ala. 79; 97 Ala. 508, 12 South. 34.

MERRITT, J. The record in this case contains a bill of exceptions which purports to set out all of the proceedings had in reference to the hearing on appellee's motion to set aside the judgment against it and in favor of the appellant in the circuit court. So, considering the bill of exceptions and the record proper together, we are of the opinion that the continuance promised by the presiding judge to the appellee in the case of C. W. Hooper & Co. v. S. L. Crook and J. H. Coleman individually and as partners, previous to the date set for trial, was conditioned on the fact that, if true, as stated by a member of the firm of attorneys representing appellee, that a certain cause pending in the circuit court of Marengo county on the equity side of said court, wherein S. L. Crook was the complainant, and J. H. Coleman was the respondent, would settle and determine the case of C. W. Hooper & Co. v. S. L. Crook and J. H. Coleman, individually and as a partnership, this last-mentioned case would in that event be continued; that the testimony as set out shows, on the motion to set aside the judgment by default against appellee, that the equity case would not settle the law case, but that there was no connection between the two cases, and that the issues or facts in the one could in no wise have affected the other; that when the cause of C. W. Hooper & Co. v. S. L. Crook & J. H. Coleman, individually and as partners, was called in the circuit court on November 23, 1921, the same was continued to November 25, 1921, and that attorneys for appellees were notified that the cause would be heard on November 25th, and that none of these attorneys appeared, nor was any proof made tending to show why the appellant here should not have judgment by default, as was had in the cause.

[1,2] We are not unmindful that the granting or refusal of a new trial rests within the sound discretion of the trial court, and that this discretion has been abused should be made to appear before the writ should issue. Ex parte Parker, 172 Ala. 136, 54 South. 572; Sparks v. Reeves, 165 Ala. 352, 51 South. 574. Yet, with the facts uncontroverted as they are in this case, we do not feel that the trial judge should have been called upon to consider a continuance without a showing that the case on the equity side of the court referred to above would settle the cause on the law side of the court, and that, in his manifest desire to be fair to appellee and his counsel, his discretion was exercised to the manifest detriment of appellant here. His fairness was shown in a continuance of the cause from November 23d to November 25th, and notice thereof given to counsel for appellee to be present at that time. Counsel for appellee, having named the condition on which they would ask a continuance, should have been present with a showing to the end that such was a fact, and having failed to make any showing to this effect, either at the time the judgment by default was rendered against it, or on the hearing of its motion to set aside the judgment by default, cannot now, under the facts in this record, take refuge under the discretionary power of the court in such matters. Ex parte Walker, 54 Ala. 577; Eminent Household of Columbian Woodmen v. Lockerd, 202 Ala. 331, 80 South. 412; McLeod v. Shelby Manufacturing Co., 108 Ala. 81, 19 South. 326; Shields v. Burns, 31 Ala. 535, West Reprint annotated; White v. Ryan & Martin, 31 Ala. 400.

[3] The motion for a new trial having been heard and determined on its merits, without objection or claim that the court was without authority to hear the same because the record failed to show an order continuing the motion, the discontinuance was waived, and the objection cannot be insisted on for the first time here. Shipp v. Shelton, 193 Ala. 658, 69 South. 102; So. R. R. v. Griffith, 177 Ala. 364, 58 South. 425; Ala. Steel & Wire Co. v. Sells, 168 Ala. 547, 52 South. 921.

[4] Petitioner here recovered judgment not only against J. H. Coleman, who was the movant in having the judgment by default set aside, but also against S. L. Crook individually, and, so far as the record shows, Crook made no objection to the judgment as rendered against him, and, this being so, and he not joining in the motion to have the judgment set aside and a new trial granted, there appears to be no reason whatever why such judgment against him individually should have been disturbed.

Mandamus will issue according to the

prayer of the petition unless the judge below, upon being advised of this opinion, shall set aside the order granting a new trial.

Writ granted.