(93 South. 661)

**Ex parte JONES, Circuit Judge. (2 Div. 798.)**

(Supreme Court of Alabama. June 1, 1922. Rehearing Denied June 30, 1922.)

**Mandamus ⏣187(9)—Court of Appeals' findings of fact not reviewable by Supreme Court.**

The action of the Court of Appeals in allowing a writ of mandamus based on abuse of discretion in a lower court is in effect a finding of fact and an application of law to the same, and is not reviewable by the Supreme Court.

Certiorari to Court of Appeals.

Petition of R. I. Jones, as Judge of the Seventeenth Judicial Circuit of Alabama, for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in the case of Ex parte C. W. Hooper & Co., 93 South. 283. Writ denied.

The petition shows that the case of C. W. Hooper & Co., plaintiff against S. L. Crook and J. H. Coleman, defendants, pending in the circuit court of Marengo county, was set for trial on November 23, 1921; that defendants' attorney informed the judge of the court, Hon. R. I. Jones, that a certain other cause pending in said court would settle the cause in question; that the judge stated that said cause would be continued when called; that when said cause was called for trial on November 23d neither the defendants nor their attorneys were in court, expecting the same to be continued; that the plaintiff insisted upon a trial, but the judge postponed the cause until November 25th; that on November 25th neither defendants nor their attorneys appeared, and judgment was rendered for plaintiff. The petition further shows that thereafter, within 30 days, defendants filed a motion to set aside said judgment, which, on hearing, was granted and a new trial ordered: whereupon plaintiff C. W. Hooper & Co. petitioned the Court of Appeals praying that a writ of mandamus issue to the said R. I. Jones, as judge, etc., requiring him to reinstate said judgment; that the Court of Appeals granted the writ of mandamus, and the respondent brings his petition to the Supreme Court to review said action of the Court of Appeals.

Harwood, McKinley, McQueen & Aldridge, of Eutaw, and Thos. F. Seale, of Livingston, for appellant.

The setting aside of the judgment and granting the new trial was in the sound discretion of the court, and there was no abuse of said discretion. 172 Ala. 136, 54 South. 572; 165 Ala. 372, 51 South. 726, 26 L. R. A. (N. S.) 1109, 138 Am. St. Rep. 71; 135 Ala. 542, 33 South. 486; 168 Ala. 547, 52 South. 921.

Wm. Cuninghame and I. I. Canterbury, both of Linden, for appellee.

Mandamus is the proper remedy to correct the action of the circuit judge in setting aside the judgment nil dicit. 103 Ala. 415, 15 South. 836; 131 Ala. 115, 30 South. 89; 201 Ala. 13, 75 South. 304. The Supreme Court will not review the Court of Appeals on findings of fact. 177 Ala. 384, 58 South. 992; 190 Ala. 132, 67 South. 256; 195 Ala. 420, 71 South. 91; 196 Ala. 655, 72 South. 259; 204 Ala. 358, 86 South. 96.

PER CURIAM. The Court of Appeals, in its opinion (93 South. 283), recognizes the rule as laid down by the decisions of this court that the action of the trial court in setting aside the judgment was largely discretionary and would not be revised except for an abuse of discretion, nevertheless it awarded the mandamus with directions that the order or judgment setting aside the original judgment be vacated. This, of necessity, was, in effect, a finding that the trial court had abused its discretion, under the facts as presented to and considered by the Court of Appeals and which involved a conclusion upon the facts or upon the application of same to the law and which holding will not be reviewed and revised by this court. Postal Telegraph Co. v. Minderhout, 195 Ala. 420, 71 South. 91.

Writ denied.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.

---

⏣For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes