### Ex parte CRUMPTON. (6 Div. 43.)

(Court of Appeals of Alabama. June 15, 1926.)

**1. Pleading ⬅129(1).**

Statements in answer, not controverted by any pleading, must be taken as true.

**2. Judgment ⬅138(1)—Statute providing that no judgment can be set aside for matter not previously objected to if complaint contain substantial cause of action, does not apply to default judgment entered against innocent party (Code 1923, § 7858).**

Code 1923, § 7858, providing that no judgment can be set aside for any matter not previously objected to, if complaint contain a substantial cause of action, does not apply to a default judgment entered against an innocent party; it being intended to prevent reversal of judgment for mere defects in form of preliminary pleading and to require testing such pleading by special pleading.

**3. Judgment ⬅153(2)—Circuit court of Jefferson county had plenary power to set aside default judgment within 30 days after its rendition (Jefferson County Practice Act [Acts 1888–89, p. 797 et seq.]; Code 1923, §§ 6670, 9521).**

Under Jefferson County Practice Act (Acts 1888–89, p. 797 et seq.) and Code 1923, § 6670, providing that, after 30 days from rendition of judgment, court shall lose all power over it with exceptions, and in view of section 9521, Jefferson county circuit court had plenary power to set aside default judgment for cause in its discretion during 30 days after rendition of judgment.

**4. Judgment ⬅139.**

Setting aside default judgment rests within sound discretion of court whenever satisfied that injustice was done or that judgment was improvident or inadvertent.

**5. Appeal and error ⬅941.**

Judgment or order pronounced in exercise of discretionary power will not be revised by appellate court unless abuse of discretion clearly appears.

**6. Mandamus ⬅28.**

Mandamus never issues to direct judicial officer how to act or what conclusion to reach, but issues only when officer charged to decide matter refuses to hear and determine it.

**7. Mandamus ⬅3(1), 10, 28.**

Mandamus never issues to inferior court unless right is clear and no other remedy exists and never to control its discretion.

**8. Judgment ⬅145(4)—Setting aside default judgment against debtor's father, who was innocent party and not party originally sought to be sued, held not abuse of discretion.**

Setting aside default judgment in personal injury action against debtor's father, who had same name as debtor, but who knew nothing of injury and was not responsible therefor and was not party originally sought to be sued, held not abuse of discretion.

**9. Mandamus ⬅53.**

Where setting aside default judgment was not abuse of discretion, mandamus to require vacating order setting aside judgment must be denied.

Original petition of Lizzie Crumpton for mandamus to Roger Snyder, as Judge of the Circuit Court of Jefferson County. Writ denied.

H. M. Abercrombie, of Birmingham, for petitioner.

Mandamus is the appropriate remedy. Ingram v. Ala. Power Co., 201 Ala. 13, 75 So. 304; Ex parte Sovereign Camp, 20 Ala. App. 531, 104 So. 899. Defendant, moving to set aside a judgment, must prove want of actual notice, where the return of the sheriff shows service. Gray v. Handy, 204 Ala. 559, 86 So. 548; Kirkland v. C. D. Frank & Co.,

207 Ala. 377, 92 So. 472; McCord v. Harrison, 207 Ala. 480, 93 So. 428. It is an abuse of discretion to set aside a default judgment, unless the defendant shows diligence on his part. Smith v. Grayson, 214 Ala. 197, 107 So. 448; 34 C. J. 301; Brown v. Brown, 213 Ala. 339, 105 So. 171.

James M. Kidd and J. E. Brown, both of Birmingham, for respondent.

A court has full control over its judgment during the term at which made, and may, within its discretion, vacate same. 34 C. J. 207; Ex parte Doak, 188 Ala. 406, 66 So. 64; Ex parte Parker, 172 Ala. 136, 54 So. 572; Sparks v. Reeves & Co., 165 Ala. 352, 51 So. 574; Talladega Mer. Co. v. McDonald, 97 Ala. 508, 12 So. 34; Rich v. Thornton, 69 Ala. 473; Desribes v. Wilmer, 69 Ala. 25, 44 Am. Rep. 501. It is the policy of the courts to dispose of cases upon their merits, and to give litigants an opportunity to be heard. Gary Hobart Inv. Realty Co. v. Earle, 78 Ind. App. 412, 135 N E. 798; Felts v. Boyer, 73 Or. 83, 144 P. 420; Knotts v. Tuxbury, 69 Ind. App. 248, 117 N. E. 282.

BRICKEN, P. J. This is a petition for mandamus, filed in this court to compel the Honorable Roger Snyder, as judge of the Tenth judicial circuit, to vacate an order, made by said judge, setting aside a certain judgment by default, with writ of inquiry against defendant, in the cause of Lizzie Crumpton, Plaintiff, v. Miles Bradford, defendant, in the circuit court of Jefferson County.

On the 12th day of November, 1924, Lizzie Crumpton, plaintiff, brought her suit in the circuit court against Miles Bradford, defendant, to recover damages alleged to have been sustained by her from the negligent operation of an automobile by defendant. At the time the suit was brought there were two separate and distinct persons, each over the age of 21 years, each named Miles Bradford, and each residing at the same address in the city of Birmingham. Miles Bradford, Sr., is the father of Miles Bradford, Jr. The summons and complaint was executed on the 15th day of November, 1924, by the service of a copy thereof upon Miles Bradford, Sr. The sheriff's return upon the summons and complaint is as follows:

"Executed this the 15th day of Nov. 24, by leaving a copy of the within with Miles Bradford. T. J. Shirley, Sheriff, by C. L. Hamilton, D. S."

It is alleged in the application for mandamus that in said cause a judgment by defendant was recovered against Miles Bradford on the 21st day of May, 1925, for the sum of $500 in said court and then presided over by the Honorable Roger Snyder, judge of said court. The judgment was in favor of Lizzie Crumpton, plaintiff, and against Miles Bradford, defendant.

On the 4th day of June, 1925, and within 30 days from the rendition of said judgment, Miles Bradford, Sr., the person who was served with the summons and complaint, filed his motion in said court to set aside said judgment by default. The motion in its entirety is verified by the affidavit of Miles Bradford, Sr., upon whom the summons and complaint was served. The motion alleges, among other things, that movant was not the person sued, or intended to be sued; that the complaint was against another person, to wit, Miles Bradford, Jr., movant's son; that the officer serving said summons and complaint was advised that movant was not the person sued, and that he was not guilty of the matters alleged in the complaint; that movant had a good defense to said suit, which he could establish upon another trial.

The motion in question being filed within 30 days from the date when the judgment by default was rendered, comes within the provisions of the Jefferson County Practice Act (Acts 1888–89, p. 797 et seq.) and also of section 6670 of the Code of Alabama 1923.

The Jefferson County Practice Act, supra, provides, that the court may, for good cause shown, allow a judgment to be set aside, and demurrer or pleas be filed, on such terms as the court may think just, provided the defendant, his agent or attorney, files, with the application to set aside the judgment by default, an affidavit that the defendant has a good defense to the suit or rather a lawful defense to the suit.

[1] The application for mandamus was filed in this court on the 21st day of April 1926, and was thereafter amended by the petitioner on the 11th day of May, 1926, on which later date the respondent judge filed his answer in this court. This answer recites, that upon the hearing of the motion to set aside the judgment by default he was convinced from the testimony offered before him that Miles Bradford, Sr., against whom the judgment by default had been obtained, knew nothing of the injury received by the plaintiff and was not responsible therefor. These facts, if true, constituted a lawful defense to the suit in question. Respondent judge specifically states in his answer as follows:

"Believing our courts to be institutions of justice and not injustice, I felt it my duty as judge of the court to set aside the judgment obtained by Attorney H. M. Abercrombie by default for his client Lizzie Crumpton v. Miles Bradford, Sr., when Miles Bradford, Jr., was the party against whom the proceedings were originally sought to be had, and, as Miles Bradford, Sr., was an innocent party, I could not conscientiously let the judgment stand against him."

The answer of respondent is not controverted, or traversed, by any pleading before us.

The statements contained· in his answer must be taken as true. Ex parte Schoel, 205 Ala. 248, 87 So. 801.

In addition to the Jefferson County Practice Act, supra, and section 6670 of the Code 1923, we have another statute under which an application to set aside a judgment by default may be filed. Section 9521 of the Code 1925 (the 4-month statute) provides the conditions under which an application for a rehearing may be presented to the trial court. A marked distinction governs the practice and procedure relating to motions, or applications, filed under the 30-day statute, and those filed under the 4-month statute. In the case of Eminent Household, etc., v. Lockerd, 202 Ala. 330, 80 So. 412, cited and approved in the case of Gray v. Handy, 204 Ala. 559, 86 So. 548, speaking in regard to section 9521 of the Code 1923, the Supreme Court said that statute was:

" 'In the nature of a declaration of facts upon which the petitioner predicates his claim for relief,' rather than an exercise of the plenary power of the court to set aside its own judgments for proper cause shown within 30 days from the rendition thereof or on motion as provided by statute (Acts 1915, p. 708, § 3) that on a motion under Code, § 5372, it is the duty of the court to see 'that the substantive law is enforced, and one requirement of that law, based upon sound policy, is that parties impleaded must be diligent in the assertion of their rights.' "

[2] Section 7858 of the Code 1923 has no application to the case at bar. That section was construed in the case of Hershey Chocolate Co. v. Yates et al., 196 Ala. 657, 72 So. 260, and it is there shown that the purpose of this section is to prevent the arrest or reversal of a judgment for mere defects in the form of the preliminary pleading and to re-, quire the testing of said pleading by special demurrer or other special pleading.

[3] It has been heretofore expressed that the motion to set aside the judgment by default in the instant case was filed within 30 days after entry of said judgment by default and while the court had plenary power over said judgment. Under the provisions of the Jefferson County Practice Act, as well as under the provisions of section 6670 of the Code of Alabama 1923, during the 30 days immediately following the rendition of the judgment by default, the lower court, in the exercise of its discretion, had plenary power to set aside said judgment by default for proper cause shown. Gray v. Handy, 204 Ala. 559, 86 So. 548.

[4] In the case of Ex parte Doak, 188 Ala. 406, 66 So. 64, in which the Jefferson County Practice Act, supra, was under consideration in the Supreme Court, it was said:

"A seasonably presented motion for a new trial, or to set aside a judgment by default, invokes judicial action of high character and of serious importance. The purpose is to insure just judgments, between litigants; and the effect is, if the motion is granted, to avoid the previous judicial action and to restore the cause to the state of not having been anteriorly adjudged."

Again, in the same case, the following language was quoted and approved:

" 'The power of a court of record over its judgments during the term at which they are rendered is very large, if not unlimited. It rests within the sound discretion of the court to set them aside, when satisfied that injustice has been done, or that they have been inadvertently or improvidently entered. * * * The judgments of courts are in the breast of the judge until the final adjournment of the term, and may be set aside or modified during the term.' Talladega Merc. Co. v. McDonald, 97 Ala. 508, 511, 12 So. 34, 35; Sparks v. Reeves, 165 Ala. 358, 51 So. 575."

In the case of Sparks v. Reeves, supra, it was expressly decided by the Supreme Court that the refusal of a trial court to set aside a judgment by default is within the discretion of such court, and, unless the discretion is abused, the court's action will not be reviewed.

In the case of Ex parte Parker et al., 172 Ala. 136, 54 So. 572, where an effort was made by mandamus to have vacated an order setting aside a judgment nil dicit, the court held that, in operation and effect, there was no material distinction between a judgment nil dicit and a judgment by default; that the judgment nil dicit having been set aside in term time, and within 30 days after its rendition, it was within the control of the court, and it had the discretionary power of setting same aside; that the discretionary order of the court setting aside said judgment would not be revised, unless it appeared that the discretion had been abused.

[5] Numerous cases of this court, and the Supreme Court, might be cited in support of the proposition that the judgment or order of an inferior court, pronounced in the exercise of a discretionary power, will not be revised unless it clearly appears that there has been an abuse of discretion. Ex parte Edwards, 20 Ala. App. 567, 104 So. 53; Em. Household Woodmen v. Lockerd, 202 Ala. 330, 80 So. 412.

In Doak's Case, supra, we have seen that a motion to set aside a judgment by default invokes judicial action of high character and of serious importance, and that it rests within the sound discretion of the court to set aside a judgment by default whenever the court is satisfied that injustice has been done.

[6, 7] In the case of Ex parte Edwards, supra, we said:

"Mandamus is an extraordinary remedy. This extraordinary writ issues only to compel action when the matter is presented for decision before an officer, charged in that regard, and who refuses to hear and determine it; but it never issues to control judicial action or to

direct a judicial officer how to act or what conclusion to reach. Ex parte Jones, 94 Ala. 34, 10 So. 429; Dunbar v. Frazer, 78 Ala. 538. It never issues from a superior to an inferior court, except when the right is clear and there is no other remedy. Wilson v. Duncan, 114 Ala. 659, 21 So. 1017. It never lies to control or direct discretionary powers of lower courts. It is a conservative and not a creative, remedy. Ex parte Scudder-Gale Gro. Co., 120 Ala. 434, 25 So. 44; Ex parte Woodruff, 123 Ala. 100, 26 So. 509."

In the case of Troxell v. Moody, 200 Ala. 203, 75 So. 961, which was a case involving the exercise of a discretionary power, the court said:

"The probate judge's action in the matter of the petition involved judicial judgment and discretion. If he had refused to act, mandamus might have been employed to compel action; but, having acted, if error or wrong was committed, it could not be remedied by mandamus."

In response to the rule nisi, Judge Snyder filed his answer, in which he states in effect that the judgment by default was set aside by him to prevent an injustice. The answer of Judge Snyder says, in effect, that the judgment by default was against an innocent party and was unjust. Doak's Case, supra, pertinently asserts that the purpose of a motion to set aside a judgment by default, is to invoke the discretionary power of the court to prevent an unjust judgment between litigants.

[8] From the record before us, especially in view of the statements contained in respondent's answer, we are not disposed to say that the judge of the lower court has abused his discretion in granting the motion to set aside the judgment by default.

[9] It follows, as a logical sequence, under the cited authorities, that the writ of mandamus prayed for should, and must be, denied.

Writ denied.