(114 So. 786)

## PHILLIPS v. S. F. BOWSER CO.
### (7 Div. 371.)

Court of Appeals of Alabama. Dec. 20, 1927.

Chas. F. Douglas, of Anniston, for appellant.

Agee & Bibb, of Anniston, for appellee.

RICE, J. The petition for mandamus is denied. Ex parte Crumpton, 21 Ala. App. 446, headnote 6, 109 So. 184.

"When the bill of exception sent up as the return to the writ of certiorari differs from the one contained in the transcript as originally filed, the bill of exceptions sent under the certiorari will be regarded as the correct bill." Jones et al. v. White, 189 Ala. 622, 66 So. 605.

In this case the original bill of exceptions has been regularly sent up, as above prescribed, for our consideration. A careful inspection of same fails to disclose that any exception was reserved by appellant to the action of the trial court in granting appellee's motion a new trial. In line with what was said by the Supreme Court, in the case of Grand Bay Land Co. v. Simpson, 202 Ala. 606, 81 So. 548, this is an appeal from the judgment of the circuit court setting aside a judgment which had been rendered for the defendant on the verdict of a jury in the case of S. F. Bowser Co. v. H. L. Phillips. And "appellant's exception to the action of the court is shown by the judgment entry; it is not shown by the bill of exceptions. Under previous rulings of this court to the effect that a recital in the minute entry is not proper evidence on appeal that an exception was taken to the ruling of the court assigned for error, the court is unable to review the question which appellant has sought to raise." Grand Bay Land Co. v. Simpson, supra, and see Chambers et al. v. Maxwell, 214 Ala. 284, 107 So. 806.

Under the provisions of Code of 1923, § 7318, which provides that decisions of the Supreme Court shall govern the holdings and decisions of this court, we have no discretion but to refuse to review the action of the trial court which is the subject of this appeal. Accordingly, the judgment appealed from will be here affirmed.

Affirmed.