170 So. 81

### Ex parte MOTLEY et al.

### 7 Div. 229.

Court of Appeals of Alabama.

June 30, 1936.

Rehearing Denied Oct. 6, 1936.

242

Motley & Motley, of Gadsden, for petitioners.

McCord & McCord, of Gadsden, for respondent.

Brief did not reach the Reporter.

RICE, Judge.

It is without dispute that petitioners began, in the regular way, their suit against Mrs. Dannie H. Tolson on May 18, 1934. Summons being duly executed on Mrs. Tolson, she appeared in the suit through her attorneys McCord & McCord and W. D. Thornton.

Thereafter, the cause was regularly set down for trial on August 12, 1935, at which time, Mrs. Tolson being sick and unable to appear, it was passed until August 21, 1935.

Upon this latter date the case was called, and, no sufficient reason being advanced for a further continuance, the trial judge, the Honorable Alto V. Lee, required the case to be then and there disposed of. Whereupon the attorneys representing Mrs. Tolson, she not being present, announced their withdrawal from the defense of the suit.

Judgment nil dicit was then, on the said August 21, 1935, entered in favor of the plaintiffs and against the defendant.

Writ of inquiry being then and there executed before a jury, upon their verdict, judgment was rendered in said suit in favor of the plaintiffs for the sum of $180.

Thereafter, on, to wit, August 30, 1935, the said attorneys formerly representing Mrs. Tolson, *reappeared* in the case and filed a motion to set aside the judgment of August 21, 1935. This motion, after a series of continuances, was, on January 25, 1936, granted.

This is an original petition for mandamus, by the plaintiffs in the suit described hereinabove, seeking to compel the Honorable Alto V. Lee, as circuit judge presiding over, and participating in, the proceedings mentioned, to expunge, set aside, and hold for naught, his order of January 25, 1936, setting aside the judgment nil dicit theretofore on, to wit, August 21, 1935, rendered in said cause.

There can be no doubt that petitioners have pursued, here, the proper course to present their contention that the said order of January 25, 1936, was *unauthorized*. Ex parte R. H. Byrd Contracting Co., 26 Ala.App. 171, 156 So. 579, certiorari denied 229 Ala. 248, 156 So. 582. Nor that, *if* said order was *unauthorized,* its making constituted an "abuse of discretion" on the part of the learned trial judge for which the writ of mandamus here prayed will issue.

Perhaps we should make the meaning of the last sentence, above, a little clearer. It is true that "a trial court has power to set aside in term time, and within thirty days after its rendition, a judgment nil dicit, and its order setting such judgment aside is *discretionary* and not appealable." (Italics ours.) Ex parte Parker et al., 172 Ala. 136, 54 So. 572. But, if it appears that the trial judge's discretion has been *abused*—if there appears *no semblance* of valid reason for the action he has taken, in setting aside the

said nil dicit—then, as we read the opinion in the case just cited, it becomes our duty to issue the writ of mandamus, when prayed, to correct his said action. Ex parte Parker et al., supra. And, see, Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681; Ex parte Crumpton, 21 Ala.App. 446, 109 So. 184; Ex parte C. W. Hooper & Co., 18 Ala.App. 490, 93 So. 283, certiorari denied Ex parte Jones, 207 Ala. 697, 93 So. 661; and, also, Ex parte Haisten, 227 Ala. 183, 149 So. 213.

We seem, here, to have a case falling within the purview of what is said in the latter part of the next preceding paragraph.

The court has considered the question before us, sitting en banc. We do not believe it profitable to go into detail.

■. Suffice to say, it appears the petition to set aside the judgment nil dicit was filed *not* in accordance with rule 11 of Rules of Practice in the Circuit and Inferior Courts of Common Law Jurisdiction. Code 1928, p. 1937; and that, if the "taking of testimony" on the hearing of such petition may be said to be a *substantial* compliance with the *technical* requirements of said rule, yet, we find in the testimony taken *nothing* that would warrant, nor *tend* to warrant, the action of the trial judge in setting same aside.

We must hold, as we do, that the said action of the said trial judge constituted an *abuse of his discretion.*

And the writ of mandamus will issue according to the prayer of the petition unless the judge below, upon being advised of this opinion, shall set aside the order referred to, hereinabove, granting a new trial.

Writ granted.

## On Rehearing.

Respondent (of course, through the attorneys supposed to be looking after the matter of sustaining his order), having failed to comply with the provisions of Supreme Court Rule 38 (Code 1928, p. 1934) as to filing brief within fifteen days after the submission of the cause in this court, we are of the opinion that the application for rehearing might well be stricken, in accordance with the terms of said rule.

■. But it seems enough to say that, "on the filing of this petition, we were (after hearing) of opinion that it presented a prima facie case of peremptory mandamus" to the Hon. Alto V. Lee, as judge of the circuit court of Etowah county, commanding him as prayed in the petition. "And we, therefore, awarded a rule nisi to said judge commanding him to proceed" as prayed "or to show cause by a day named why a peremptory mandamus should not be issued in that behalf." No appearance was made by said judge; no "cause," as indicated, was shown, nor attempted to *be* shown.

His attorneys now state that "this matter was overlooked both by the judge and ourselves," giving their "excuse" for the neglect. But we do not see that this is a circumstance which we can consider.

"Being still of opinion that the petition makes a prima facie case for the relief prayed, and no cause against awarding peremptory mandamus being shown by the respondent," it results that our order heretofore entered might well have been rested on *this* ground, as well as on what we said in our original opinion. Ex parte Geter, 141 Ala. 323, 37 So. 341.

The application for rehearing is overruled.

Application overruled.