(105 So. 171)

## BROWN v. BROWN. (7 Div. 581.)

(Supreme Court of Alabama. June 18, 1925.)

**1. Appeal and error ⬠957(1)—Overruling motion to set aside default judgment not reviewable on appeal except for abuse.**

Overruling motion to set aside default judgment not reviewable on appeal except for abuse.

**2. Mandamus ⬠53—Mandamus appropriate remedy to review overruling of motion to set aside default judgment.**

Mandamus appropriate remedy to review overruling of motion to set aside default judgment.

**3. Judgment ⬠143(15)—Mandamus ⬠53—In view of evidence, overruling of motion to set aside default judgment held not abuse of discretion or to entitle defendant to writ of mandamus to review ruling.**

Refusal to set aside default judgment because defendant's counsel was in poor health was not an abuse of discretion, and petitioner was not entitled to a writ of mandamus to review such ruling, where it was shown that defendant's counsel had been employed four months and had entered no appearance and made no pleadings, and that defendant was neglectful in failing to make inquiries as to the case, and there was evidence that defendant was entirely indifferent to suit and ignored it.

**4. Names ⬠16(2)—Default judgment not reversed because slight discrepancy in name in sheriff's return of service.**

That in sheriff's return of service of process defendant's name appears as Victory Brown instead of Victoria Brown will not suffice for a reversal of default judgment.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Isaac Brown against Victoria Brown. Judgment for plaintiff, and defendant appeals and applies for mandamus. Transferred from Court of Appeals under section 7326, Code of 1923. Affirmed; mandamus denied.

See, also, Brown v. Brown (Ct. App.) 105 So. 169; Ex parte Brown, ante, p. 7, 105 So. 170.

In September, 1923, appellee sued appellant in a tort action, the return of the sheriff showing service on September 22, 1923, as follows:

"Executed this 22d day of September, 1923, by leaving a copy of the within summons and complaint with Victory Brown, defendant. R. A. Leath, Sheriff."

It is without dispute defendant was duly served with summons on that date. There were no pleadings filed or appearance entered on behalf of the defendant, and on February 28, 1924, judgment by default was rendered and writ of inquiry executed, proof of damages made, and verdict rendered in favor of plaintiff in the sum of $750. On March 8, 1924, defendant filed her motion in said cause to have set aside the judgment by default on the sole ground that her attorney had failed to notify her that the case was set for trial, a fact she did not learn until after the entry of judgment against her. Accompanying the motion is the affidavit of the attorney, Mrs. Octye L. Echols, a practicing attorney at the Gadsden bar. This affidavit is to the effect that defendant employed her as attorney within the time for pleading in this cause, and that she promised to notify defendant when the case was set for trial to enter appearance and file necessary pleadings. As an excuse for failing to give the matter attention, the affiant states that since her employment she has been in wretched health, and much worried over her condition, and that she failed to notify defendant that her case had been set or get another attorney. Affiant was of the opinion defendant had a valid defense to the action.

Upon the hearing of the motion, plaintiff offered affidavits to the effect that defendant had stated to the several affiants, after being served with the summons, in substance, that she cared nothing about the case, and plaintiff could get a judgment if he wanted to, that he could make nothing out of her, and that she did not intend to do anything about the case. Defendant, being examined on the hearing of the motion, said nothing in regard to these conversations, and made no denial thereof. The court overruled the motion, and, from the judgment rendered February 28, 1924, defendant has appealed, and also filed in the alternative a petition for mandamus to review the ruling in the event it is not reviewable on appeal.

Culli, Hunt & Culli, of Gadsden, for appellant.

The return of the sheriff did not show service on defendant. Morrow v. Norvell-Shapleigh Hdw. Co., 165 Ala. 332, 51 So. 766. Defendant was justified in relying on her attorney to represent her in the case, and failure of such attorney in the premises constituted ground for setting aside the judgment by default.

Dortch, Allen & Dortch, of Gadsden, for appellee.

No appeal lies from an order overruling motion to set aside a default judgment, and such action by the trial court will not be reviewed in any proceeding, unless for abuse of discretion. Wilkins v. Windham, 197 Ala. 510, 73 So. 29; Ex parte John F. Byers Mach. Co., 18 Ala. App. 78, 89 So. 88; Ex parte Doak, 188 Ala. 406, 66 So. 64; Eminent Household v. Lockerd, 202 Ala. 330, 80

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

So. 412; Kirkland v. C. D. Franke & Co., 207 Ala. 377, 92 So. 472. Negligence of defendant's attorney is the negligence of defendant. McCord v. Harrison, & Stringer, 207 Ala. 480, 93 So. 428; Hanby v. Phillips & Buttorff, 12 Ala. App. 543, 68 So. 477. If properly raised in the lower court, the burden of showing that she had not been properly served was upon defendant. Gray v. Handy, 204 Ala. 559, 86 So. 548.

GARDNER, J. [1] The judgment by default will support the appeal, but the ruling denying appellant's motion to set aside such judgment is not reviewable on said appeal. Ex parte Gay, 7 Div. 515 (W. O. W. v. Gay) ante, p. 5, 104 So. 898; Eminent Household v. Lockerd, 202 Ala. 330, 80 So. 412.

[2] The ruling of the court in this respect is only reviewable as for an abuse of discretion; the appropriate remedy in the instant case being by mandamus. Eminent Household v. Lockerd, supra; Ex parte Doak, 188 Ala. 406, 66 So. 64; Ex, parte Gay, supra. Petition to this effect is presented with the record on this appeal.

[3] A sufficient outline of the evidence offered on the hearing of the motion appears in the statement of the case, and need not be here repeated. That on the part of defendant disclosed that counsel had been employed for a period of four months before the rendition of the judgment, and no pleadings filed nor appearance entered. While the affidavit of counsel states that since her employment she had been in "wretched condition" of health, yet it is not made to appear that notice to defendant could not have been given or defendant advised to employ other counsel. Defendant is to be held accountable for the neglect of her counsel, and indeed she was neglectful herself in failing to make any inquiry whatever. Ex parte Walker, 54 Ala. 577; Eminent Household v. Lockerd, supra; McCord v. Harrison, 207 Ala. 480, 93 So. 428; Kirkland v. Franke, 207 Ala. 377, 92 So. 472.

The affidavits offered by plaintiff as to the statements made by defendant, undenied, add confirmation to the view that defendant was entirely indifferent to the suit, and deliberately ignored it. There has very clearly been shown no abuse of discretion, and petitioner is not entitled to the writ of mandamus.

[4] The fact that in the sheriff's return of service of process the name appears "Victory Brown" instead of Victoria Brown will not suffice for a reversal of the judgment by default. The name is followed by the further descriptive word "defendant," and that defendant was in fact duly served is without dispute. As said by this court in Morrow v. Hardware Co., 165 Ala. 331, 51 So. 766:

"The disposition of this court * * * has always been to indulge in no nice criticisms with respect to the words employed to express compliance with the prerequisites to an effectual service of this character of process."

We think the return here designates the defendant with reasonable certainty as to leave no substantial doubt as to identity, and is sufficient. Morrow v. Hardware Co., supra, and authorities therein cited; 32 Cyc. 50.

It results as our conclusion that the judgment appealed from will be affirmed, and the petition for mandamus denied.

Affirmed. Mandamus denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.