(124 So. 291)

## CITY HOLDING CO. v. HOSCH.
### (6 Div. 422.)

Supreme Court of Alabama.  Oct. 24, 1929.

Arthur, L. Brown, of Birmingham, for appellant.

McCollough & McCollough, of Birmingham, for appellee.

THOMAS, J. ■ The submission is upon the motion to dismiss the appeal and upon the merits. The supersedeas bond, dated January 10, 1929, recites:

"The condition of the above obligation, that whereas, the above bound City Holding Company has this day applied for and obtained an appeal returnable to the Court of Appeals of Alabama, to supersede and reverse judgment recovered by the said E. E. Hosch against the said City Holding Company at the present term, 192—, of the Circuit Court for two hundred and fifty-six ($256.00) dollars, besides costs."

The notice of the appeal is:

"Whereas, City Holding Co., claimant, has taken an appeal from the judgment by the Circuit Court of the Tenth Judicial Circuit of Alabama, for the County of Jefferson, State of Alabama, in the cause wherein E. E. Hosch, Transferee, is plaintiff, and C. W. Ford is defendant, and City Holding Company is claimant.

"Now, you are, therefore, cited to appear at the next term, 1929."

Thus the appeal is from the main judgment indicated, and was not sought to be taken from the order overruling the motion to set aside the judgment by default. The motion of appellee is overruled.

The City Holding Company had notice of the levy, and filed its affidavit and claim bond. There was appearance by opposite counsel, due demand for a jury trial, and the case set for trial after notice to the clerk, and hearing thereon that same be set down for trial. The clerk set the case for October 10, and on that date the plaintiff filed affidavit of ownership as that of defendant, and subject to the process of the court. Such was the issue to be tried by jury.

It appears that claimant had lawful notice of all the proceedings, had filed its affidavit and claim bond, and was not present at the call of the case in court on October 10th, 1928, to deny the fact of defendant Ford's ownership, and judgment was duly rendered in favor of plaintiff and against the claimant. The automobile levied on was in possession of claimant, and the issues of fact were between plaintiff and the claimant appellant.

In the motion to set aside the judgment, no irregularity or failure of notice was claimed, merely that its attorney had failed for good reason to duly appear at the trial; and there was no affidavit accompanying that motion that claimant had a good and lawful defense to the cause of action. Affidavits pro and con were heard by the court, and overruled the motion to set aside the judgment by default.

■■ The filing of the affidavits and claim bond was, as to the matter for decision, equivalent to a personal service, and the court had jurisdiction to proceed to judgment on October 10, 1928. Code, §§ 10375, 10376; Ex parte Tucker, 208 Ala. 428, 94 So. 276. The claimant was bound to appear and defend, as in cases of personal service under the issues presented or made up by the court, or under its direction. Louisville & N. R. R. Co. v. Sharp; 131 Ala. 633, 31 So. 609; Rhodes v. Smith, 66 Ala. 174; Oliver v. Kinney, 173 Ala. 593, 56 So. 203. And, no appearance being made by claimant, or by attorney, the plaintiff may proceed (section 10376, Code; rule 1, vol. 4, p. 877) without claimant.

The clerk had authority to set the case for trial without notice to the parties (section 6724, Code); and judgment by default, and not that of dismissal as to claimant not appearing, was proper. Code, § 10378.

■ The defendant in execution, and in question, was in possession of property levied upon, and was prima facie the owner thereof. The burden was thus cast upon the claimant to show title or establish his right to the property. Shahan v. Herzberg, 73 Ala. 59, 62; Jackson v. Bain, 74 Ala. 326, 330.

Affirmed.

SAYRE, BROWN, and FOSTER, JJ., concur.