154 So. 802

## LOKEY v. WARD.
### 6 Div. 385.

Supreme Court of Alabama.
May 10, 1934.

Oliver D. Street, of Birmingham, for appellant.

560

FOSTER, Justice.

This is a statutory interpleader under sec-tion 10386, Code, for a sum of money alleged in the complaint to have been deposited by plaintiff's intestate in defendant bank. The defendant made affidavit and prayed for an interpleader under section 10386, Code. Notice was thereupon issued to the claimant and duly served. Claimant then made an appearance in writing, in which he expressly made himself a party, and set up his claim to the fund.

The cause was regularly set down for hearing. Claimant failed to appear, and the judgment recites that he was solemnly called and came not to defend the suit, and the court proceeds to hear and determine the cause, and found the issue in favor of plaintiff and against claimant.

Horace C. Wilkinson, of Birmingham, and Brown & Brown, of McDonough, Ga., for appellee.

Motion was made to set aside the judgment. It was overruled. The appeal is from the original judgment.

In accord with the expressed opinion of counsel for both parties, we consider the judgment as in the nature, either of nil dicit or default. So that an appeal does not lie from the order overruling the motion to set it aside, nor is it assignable for error on appeal from the judgment on the merits. Ex parte Haisten, 227 Ala. 183, 149 So. 213; Ex parte Parker, 172 Ala. 136, 54 So. 572; Brazel v. New South Coal Co., 131 Ala. 416, 30 So. 832; Hershey Chocolate Co. v. Yates, et al., 196 Ala. 657, 72 So. 260; Ex parte Doak, 188 Ala. 406, 66 So. 64; Ex parte Gay,

213 Ala. 5, 104 So. 898; Brown v. Brown, 213 Ala. 339, 105 So. 171; Gibson v. Farmers' Bank, 218 Ala. 554, 119 So. 664; Mosaic Templars v. Hall, 220 Ala. 305, 124 So. 879.

The question is whether there was error in the rendition of the judgment on the merits. There are many contentions made by appellant in this respect. It is claimed that such a judgment is error before the court determines and declares whether it is. a proper case for interpleader. Such a determination is in fact required by section 10386, Code, though not so required prior to the Code of 1923.

In the case of Cloud v. Dean, 212 Ala. 305, 102 So. 437, it was held that the requirement of section 6050, Code of 1907, that an order be made substituting the claimant as the defendant, and discharging the original defendant, need not be done in so many words, but it resulted as a matter of law when the court granted the petition of intervention, and the claimant made appearance, without objection.

In this case the court made an order for notice to the claimant, and that the money be held and impounded pending the trial of claimant's issue. This was followed by the written appearance of claimant in which he expressly makes himself a party defendant, and then sets up his claim to the fund. The claimant thereby waived so far as he was concerned the requirements of the statute as to proceedings leading up to his substitution as defendant, and waived the order making such substitution. However, unless thus waived, the claimant may contest the right to require an interpleader, Schrader Co. v. A. Z. Bailey Grocery Co., 15 Ala. App. 647, 74 So. 749, but must do so before propounding his claim or making himself the defendant.

The plaintiff may have cause to complain of the right of defendant to interplead as shown in the case of Stewart v. Sample, 168 Ala. 270 (6), 53 So. 182. But plaintiff did not do so when he had the opportunity, and cannot and does not now. Nelson v. Goree's Adm'r, 34 Ala. 565. When defendant files the affidavit and makes the motion for an interpleader, notice should issue to the claimant named.

The proper procedure, as the cases show, is that either plaintiff or claimant may then contest the question of whether a proper case for interpleader exists, either by a demurrer or other pleading. But such contest may be waived by both parties, and they do so by proceeding as though a proper order had been made, making no claim to the contrary, or recognizing otherwise that it is not insisted upon.

Appellant also claims that the issues were not sufficiently made to support a judgment by default or nil dicit because plaintiff had not propounded his claim. But the complaint is a sufficient claim by the plaintiff.

Though the claim of appellant may be too general, if objection is made, Johnson v. Maxey, 43 Ala. 521; Schrader Co. v. A. Z. Bailey Grocery Co., supra, such condition is not available to appellant who was the claimant.

The contention is also made by appellant that, after the claimant makes himself a party, and propounds his claim, though under the pleadings thus framed he has the duty to proceed, and the cause is regularly set down for hearing, and the claimant then fails to make further appearance, it is reversible error to render a judgment for plaintiff by reason of such default. That contention prompts a reference to certain principles which have been discussed and fairly well settled by our cases.

It is not fatal to its sufficiency whether the judgment is by default or nil dicit, if the record shows that one or the other was proper. The improper form in this respect does not render ·the judgment reversible error. Eminent Household v. Lockerd, 202 Ala. 330, 80 So. 412; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Elyton Land Co. v. Morgan, 88 Ala. 434, 7 So. 249; Atlantic Glass Co. v. Paulk, 83 Ala. 404, 3 So. 800; McCaskey v. Pollock, 82 Ala. 174, 2 So. 674.

Our cases in the main are consistent with the doctrine that if a defendant files a plea which casts the burden on plaintiff, and then does not appear further, the court commits error to reversal if it renders a judgment by default or nil dicit. McCoy v. Harrell, 40 Ala. 232; Green v. Jones, 102 Ala. 303, 14 So. 630; Clements v. Mayfield Woolen Mills, 128 Ala. 332, 29 So. 10.

But·if defendant interposes only an affirmative defense by way of confession and avoidance, the burden of proof is on him, and if he fails to appear to sustain it, he is not prejudiced by a judgment by default or nil dicit. McCollom v. Hogan, 1 Ala. 515; Dougherty v. Colquitt, 2 Ala. 337; McCoy v. Harrell, supra; Schwarz v. Oppenheimer, 90 Ala. 462, 8 So. 36; Hutchison v. Powell, 92 Ala. 619, 9 So. 170; Brandon v. Leeds State Bank, 186 Ala. 519, 65 So. 341; McCord v. Harrison & Stringer, 207 Ala. 480, 93 So. 428.

And since a demurrer imposes on defendant the duty to have it submitted and heard, if he does not come into court for that purpose, he should be treated as though he had interposed an affirmative defense with the burden to prove it. Some of our cases hold that when he fails thus to come into court he thereby abandons his demurrer, and a judgment by default or nil dicit is not a reversible error. Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Brandon v. Leeds State Bank, supra; Elyton Land Co. v. Morgan, 88 Ala. 434, 7 So. 249; American Mortgage Co. v. Inzer, 98 Ala. 608, 13 So. 507.

But another asserts in a dictum that one who demurs is in the same attitude as one who pleads the general issue, and that it is error to render a judgment by default or nil dicit against him. Ex parte Haynes, 140 Ala. 196, 37 So. 286 (criticized in Brandon v. Leeds State Bank, supra).

In Brandon v. Leeds State Bank, supra, as in some others, the distinction between an affirmative plea or a demurrer and one which puts the burden on plaintiff is not mentioned, but the facts, when analyzed, show it is applicable. That was a suit on a note in which a general denial by one defendant and a demurrer by others cast no burden on plaintiff. But when in such a suit a plea of non est factum is interposed, the burden is so cast, and a judgment as for a default has been held to be inappropriate and reversible error. McCoy v. Harrell, supra; Home Protection of N. Am. v. Caldwell, 85 Ala. 607, 5 So. 338.

In L. & N. R. R. Co. v. Walker, 128 Ala. 368, 30 So. 738, and in White v. Whatley, 128 Ala. 524, 30 So. 738 (cited by appellant), plaintiff was held by the trial court to be in default for a refusal to plead further when he had on file replications and demurrers to various pleas. It does not appear that he was not present insisting on them. But being present, and with such pleading on file, he was not in default for not pleading further. Those cases, therefore, do not seem to affect our question.

It seems clear, therefore, that if the claim interposed in interpleader requires its active prosecution, the failure to follow up such claim by attending the trial and insisting on it renders a judgment as for default without prejudice to the claimant. It is in some respects analogous to a trial of the right of property levied on under execution, as provided in the same chapter of the Code with interpleader.

Section 10376, Code, puts the burden of proof on plaintiff. But he need only make a prima facie case by showing possession by defendant in execution. The claimant must then show a better title in him, and cannot rely on a title with which he is not connected. Shahan v. Herzberg, 73 Ala. 59; Jackson v. Bain, 74 Ala. 328; Ross v. Lawson, 105 Ala. 351, 16 So. 890; Eldridge v. Grice, 132 Ala. 667, 32 So. 683; Strickland & Co. v. Lesesne & Ladd, 160 Ala. 213, 49 So. 233.

In view of that legal status, it has been held that when there is a showing by the record of such a prima facie title, and when the claimant failed to attend the trial, and failed to offer evidence in support of his claim, a judgment by default was not prejudicial. City Holding Co. v. Hosch, 220 Ala. 113, 124 So. 291.

In equity interpleader suits, it is said that in determining the burden of proof, general rules apply. 33 C. J. 464. No statute is directly applicable. But if the same general rules in respect to the burden and the manner of sustaining it, as applies to trials of the right of property levied on, are proper in statutory interpleader, we think this record shows that the claimant is the one who is in default of his duty to proceed.

The complaint in this case alleges that the amount sued for was deposited in defendant bank by plaintiff's intestate. The defendant made no denial of that allegation, but paid it into court, suggesting a claimant. The claimant made no such denial, but merely asserted that the sum sued for belonged to him. No issue was therefore made as to whether plaintiff's intestate made such a deposit. If so, it was prima facie his property, so that the claimant in a claim merely asserting title to a fund which prima facie was the property of plaintiff, thereby asserted affirmative matter, and the burden was on him to appear and establish it. Failing to do so, he is not prejudiced by a default or nil dicit judgment.

Appellant also insists that the rendition of a judgment without a jury was error, because both parties had made due demand for a jury. The record shows that both did make such demand, and there was no jury called. The statement in the judgment that a jury was waived seems to be a misapprehension of the state of the record—perhaps inadvertence of the clerk.

In McDonald v. McDonald, 212 Ala. 137, at page 140, 102 So. 38, 40, 36 A. L. R. 761, when the question was not directly in point, it was said for argument's sake that "this proceeding is an innovation upon the com-

mon law, and, no provision for trial by jury being expressed, it may safely be denied that the right exists." The court cited Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798. The theory, as expressed in that case, is that "neither party had any right of action at law against the other; but by this equitable proceeding, authorized by the Code, the insurance company, against whom both claimed a legal cause of action, was discharged, and they were brought together to litigate the question which of them had the better right to the fund in controversy."

And it is said in one of our cases that our statute is patterned after that in New York, where the practice is on the same principles as apply in equity. Nelson v. Goree's Adm'r, supra.

It is not necessary in this suit, nor was it in the McDonald Case, supra, to affirm a fixed rule as applicable to all cases, that a jury trial may not be a matter of right, as when there may be a controversy, if ever, between the respective claimants involving a legal cause of action.

Moreover, a judgment by default when a writ of inquiry is not necessary may be rendered by the court without a jury, though one has been demanded. King v. Holtam, 219 Ala. 410, 122 So. 405; Dulin v. Johnson, 216 Ala. 393, 113 So. 397. No writ of inquiry is necessary when the only question is the ownership of a definite fund, when no unliquidated amount is to be determined, and either party makes default, before or after appearance. Brandon v. Leeds State Bank, supra; McGowin v. Dickson, 182 Ala. 161, 62 So. 685.

The court rendered a personal judgment against the substituted defendant for $15,311.91. It is suggested by counsel for appellee that this amount was the sum of the fund in court, and the interest on it after claimant propounded his claim. When the motion for a new trial was acted on, the court ordered it reduced to the amount of that fund. But it remained a personal judgment for that amount, though it also ordered that the fund be condemned to the satisfaction of the judgment, and paid over to plaintiff.

It was pointed out in the case of Coleman v. Chambers, 127 Ala. 615, 29 So. 58, that such a judgment was erroneous, and that the only proper one was to award to plaintiff the money which had been paid into court,

but that the error need not reverse the judgment, but was thus modified and affirmed.

So here, we merely modify the judgment to that extent.

No other error appears in the record, and, therefore, the judgment as modified is affirmed.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.