27 So.2d 499

## McDAVID v. UNITED MERCANTILE AGENCIES, Inc.

### 6 Div. 374.

Supreme Court of Alabama.

Oct. 10, 1946.

Francis H. Hare and Sadler & Sadler, all of Birmingham, for appellant.

Barber & Barber, of Birmingham, for appellee.

LAWSON, Justice.

On April 29, 1929, the Southern Bank & Trust Company, a corporation, obtained a judgment in the Circuit Court of Jefferson County, Alabama, against E. R. McDavid, Jr.

Thereafter on, to wit, August 11, 1943, the said judgment was sold, transferred and assigned to United Mercantile Agencies, Inc., by Addie Lee Farrish, in her capacity as Director of Commerce and Superintendent of Banks of the State of Alabama, liquidating the said Southern Bank & Trust Company.

On January 19, 1945, the United Mercantile Agencies, Inc., instituted suit in the Circuit Court of Jefferson County against the said E. R. McDavid, Jr., on the aforementioned judgment.

Service was had on McDavid on January 22, 1945. McDavid sent the complaint and interrogatories which were served on him to counsel for plaintiff, who received them by means of the United States mails on January 31, 1945. Written across the face of the complaint was the following notation: "Why in the hell don't you wake up. I bankrupted against this claim in 1936 in Mobile— Now if I hear any more from this I am going to sue you.—E. R. McD." A similar notation appeared on the copy of the interrogatories. On February 23, 1945, plaintiff obtained judgment against McDavid by default. McDavid filed a motion to set aside the judgment by default, which motion was overruled.

The defendant, McDavid, appealed from the judgment by default rendered on February 23, 1945.

The cause was submitted here on the merits, on appellant's motion for alternative writ of mandamus, and on appellee's motion to dismiss the appeal. The trial judge has since filed demurrer and return to the appellant's motion for alternative writ of mandamus.

■ The order overruling or granting a motion to set aside a default or nil dicit judgment is not appealable. Ex parte Gay (Sovereign Camp, W. O. W., v. Gay), 213 Ala. 5, 104 So. 898; Mosaic Templars of America v. Hall, 220 Ala. 305, 124 So. 879; City of Birmingham v. Goolsby, 227 Ala. 421, 150 So. 322; Lokey v. Ward, 228 Ala. 559, 154 So. 802; Kolb et al., v. Swann Chemical Corporation, 245 Ala. 438, 17 So. 2d 402. But the appeal in this case is from the original judgment rendered on

February 23, 1945, which judgment will support an appeal. City of Birmingham v. Goolsby, supra; Mosaic Templars of America v. Hall, supra; Lokey v. Ward, supra; Brown v. Brown, 213 Ala. 339, 105 So. 171. It follows, therefore, that the motion to dismiss the appeal must be and it is denied.

However, the appeal presents nothing for review by this court. There are two assignments of error. The first is, "The court erred in rendering judgment against the defendant"; the second, "The court erred in overruling defendant's motion to set aside the judgment."

■ As to the first assignment of error, it is completely ignored in brief of appellant. There is no contention made in brief that there is any error in connection with the original judgment. In fact, the opening statement of appellant's brief is as follows: "This is an appeal from a judgment of the Circuit Court of Jefferson County overruling and denying a motion to set aside a judgment by default." It is, of course, an incorrect statement inasmuch as the appeal is from the original judgment, But it illustrates the contents of appellant's brief, which relates solely to the matters incident to and connected with the motion to set aside the judgment. An assignment of error not insisted upon must be considered as waived. Supreme Court Rule 10, Code 1940, Tit. 7, Appendix; Hamilton v. Cofield et al., 220 Ala. 44, 124 So. 91; Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362; J. R. Watkins Co. v. Stimpson et al., 242 Ala. 359, 6 So.2d 430.

■ An order overruling a motion to set aside a judgment is not assignable as error on appeal from the original judgment. Ex parte Gay (Sovereign Camp, W. O. W., v. Gay), supra; City of Birmingham v. Goolsby, supra; Lokey v. Ward, supra. Hence, the second assignment of error cannot be considered on this appeal.

■ Mandamus is the appropriate remedy to review the trial court's action in overruling a motion to set aside a default judgment. Ex parte Gay (Sovereign Camp, W. O. W., v. Gay), supra; Brown v. Brown, supra; Trognitz v. Touart, 219 Ala. 404,

122 So. 620; Little v. Peevy, 238 Ala. 106, 189 So. 720. Petition or motion to this effect is presented with the record on this appeal. This is sufficient for us to entertain the motion for mandamus. Little v. Peevy, supra; Brown v. Brown, supra; Ex parte Phillips (Phillips v. Reaves et al.), 231 Ala. 364, 165 So. 80.

But to grant appellant's motion for mandamus, it must be made to appear to this court that the judge of the circuit court has abused his discretion in refusing to set aside the default judgment. Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681; Eminent Household of Columbian Woodmen v. Lockerd, 202 Ala. 330, 80 So. 412. Until thirty days have elapsed all judgments by default or nil dicit are within the control of the court, or, as often stated, are within the breast of the court, and, during such period the court has a discretionary power, irrevisable by mandamus or otherwise, over such judgments, except for abuse of its discretion. Ex parte Parker, 172 Ala. 136, 54 So. 572.

The motion to set aside the judgment by default does not appear to have been filed under the so-called four-months statute, § 279, Title 7, Code 1940. The requirements of § 280, Title 7, Code 1940, were not complied with and it does not appear to have been treated as a separate and independent suit but as a continuation of the proceedings of the original suit. We think it clear that the motion was an exercise of the right of the appellant to apply to the court for relief during the thirty-day period (§ 119, Title 13, Code 1940) when the judgment is yet within the control of the court.

It is the duty of the court on a motion of this character to see that the substantive law is enforced and one requirement of that law, based upon sound policy, is that parties impleaded must be diligent in the assertion of their rights. Eminent Household of Columbian Woodmen v. Lockerd, supra. It is established by this court that such a motion must not only show that the defendant had a defense good in law and of what that defense consists, but must also show that defendant was prevented from appearing and defending the action by accident or mistake which or-dinary prudence could not have guarded against. Little v. Peevy, supra.

The motion in this case, by way of conclusion, alleged that "the said judgment was entered as the result of surprise, accident, fraud, or mistake" and that "the cause of action relied upon by the plaintiff is without merit and the defendant has a good and valid defense to the cause of action and is not indebted to the plaintiff." The motion contains the following averments: "For that when the copy of the summons and complaint which purported to have been served upon this defendant was handed to the defendant, the defendant in good faith thought that he was making all the answer to said complaint that was required or necessary when he endorsed upon said complaint in writing the statement that the debt relied upon therein had been scheduled in his bankruptcy proceeding in which he had obtained a discharge and mailed said paper with said answer to the plaintiff's attorney and that the defendant did not thereafter learn that the case would be further prosecuted until he received a cost bill from the clerk of the court showing that a judgment by default had been taken against him, and defendant further avers that it is a fact that he had received a discharge in bankruptcy from the claim or debt made the basis of this suit and that he did in fact communicate this information to the plaintiff's attorney both prior to and by sending said written information to plaintiff's attorney."

By amendment, defendant set out more detailed averments as to the alleged discharge in bankruptcy. On the hearing on the motion the trial court announced that he "did accept as true the fact that E. R. McDavid, Jr., had as contended duly listed said debt in bankruptcy and received a discharge therefrom," but then proceeded to overrule the motion to set aside the judgment.

Defendant insists that the proceedings disclose that the trial court's refusal to set aside the judgment was based on a misconception of the law in that he was of the opinion that proof of the bankruptcy proceedings would be immaterial in that it had not been made prior to the rendering

of the default judgment. In other words, that it was not a defense to the suit.

We do not think that that is a reasonable construction to be placed on the trial court's remarks. In view of the entire record and the return of the respondent judge, we do not think the denial of McDavid's motion to set aside the judgment was predicated on the fact that he did not have a defense. On the contrary, we think it clearly appears that the refusal to grant the motion was based on the failure of McDavid to satisfactorily prove to the court that he was prevented from appearing and defending the action by accident, surprise, mistake or fraud, which ordinary prudence could not have guarded against.

The only excuse for not having defended against the suit within the time required by law is, as set out in the defendant's motion to set aside the judgment, namely, that the defendant thought it was not necessary to appear in view of the bankruptcy proceedings about which he informed counsel for plaintiff, who failed to advise him that the suit would be prosecuted.

There was no duty upon counsel for plaintiff to advise defendant relative to his defense of the suit filed. Certainly no fiduciary relationship existed. Counsel for plaintiff performed no affirmative act which in any way tended to mislead the defendant.

In many respects the instant case is similar to that of Lucas v. North Carolina Mutual Life Ins. Co., 184 S.C. 119, 191 S.E. 711, 712. In that case summons and complaint were served upon a local agent of the insurance company, who promptly transmitted the summons and complaint to the district agent. The district agent thereupon returned the summons and complaint to the attorney for the plaintiff, whom he advised in a letter that as the defendant was a foreign insurance company, the summons and complaint could be served upon it only through the State Insurance Commissioner of South Carolina, and that the papers were being returned in order that the proper procedure under the law might be followed. Thereafter, a judgment by default was rendered for the plaintiff against the insurance company. In holding that the judgment should not be set aside, the court said: "The judgment against which the defendant complains was not given against it through its mistake as to a fact or as to matters of fact. The belief entertained by Clement, the district manager, that legal process could be served on the defendant, a foreign insurance company, only through the state insurance commissioner, was a mistake of law, and not a mistake of fact. * * * It is always a matter of regret that a party should not have his day in court. However, when legal process is duly and regularly served upon a defendant and he assumes to know the law thereabout, and in so doing mistakes the law, he must, under the circumstances shown here, suffer the consequences of such mistaken assumption."

It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business, his motion to set aside a judgment for default should be denied. Little v. Peevy, supra.

Courts cannot act as guardian for parties who are grossly careless of their own affairs. All must be governed by the laws in force, universally applied, according to the showing made.

If judgment be entered against a party in his absence, before he can be relieved of the judgment he must show that it was the result of a mistake or inadvertence which reasonable care could not have avoided, a surprise which reasonable precaution could not have prevented, or a negligence which reasonable prudence could not have anticipated.

The explanation given by defendant for his failure to appear in defense of the suit filed against him by the plaintiff is not adequate. He has not shown that he was prevented from appearing and defending the suit by accident, mistake, surprise or fraud, which ordinary prudence could

not have guarded against. Little v. Peevy, supra; Brown v. Brown, supra.

We are clear to the conclusion that the showing made by the defendant is not sufficient to authorize this court to say that in refusing to set aside the default judgment the trial court abused the discretion lodged in it. We are constrained to hold that error is not made to appear in the judgment of the trial court overruling defendant's motion.

It results as our conclusion that the judgment appealed from will be affirmed, and the petition for mandamus denied.

Affirmed. Mandamus denied.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.