38 So.2d 560
### Ex parte STATE ex rel. ATLAS AUTO FINANCE CO.
7 Div. 979.

Supreme Court of Alabama.

Dec. 2, 1948.

Rehearing Denied Feb. 17, 1949.

W. T. Starnes, of Pell City, and Harvey Deramus and Josh Mullins, Jr., both of Birmingham, for petitioners.

Robinson & Parris, of Gadsden, for respondent.

LAWSON, Justice.

This is an original petition to this court for mandamus to compel the Hon. W. M. Rayburn, as Judge of the Circuit Court of St. Clair County, to vacate an order setting aside a judgment rendered in a cause wherein the petitioner here, Atlas Auto Finance Company, a partnership, was plaintiff and Hoyt Crump was the defendant.

It is not necessary to consider here the distinction between a judgment by default and a judgment nil dicit. We will hereafter refer to it as a judgment by default.

 Mandamus is the appropriate remedy by which this court exercises its supervisory jurisdiction over courts of original jurisdiction in case of abuse of discretion in the denial (Brown v. Brown, 213 Ala. 339, 105 So. 171) or in the granting (Ex parte Haisten, 227 Ala. 183, 149 So. 213) of a motion to vacate a judgment by default or nil dicit.

On March 27, 1947, the Finance Company filed a detinue suit against Crump to recover a truck and damages for its detention.. The plaintiff having made affidavit and given bond at the commencement of the suit, as provided by the statute, § 918, Title 7, Code 1940, the clerk of the court made an endorsement on the summons requiring the sheriff to take the property mentioned in the complaint into his possession, unless the defendant gave bond therefor as required by law. The summons and complaint were served on defendant on June 7, 1947. He immediately executed the appropriate bond and thereby retained possession of the truck.

Although a jury trial had not been demanded, the cause was placed on the jury docket and hearing set for Tuesday, December 9, 1947. On that day or on the previous day the cause was transferred to the non-jury docket and was passed by the court to Friday, December 12, 1947.

The defendant not being present in court or by attorney and not having filed demurrer or plea, the trial court on December 12, 1947, rendered judgment by default in favor of the plaintiff and against the defendant. Thereafter, on January 9, 1948, the defendant, Crump, filed a motion to set aside the judgment by default, which is in words and figures as follows:

"Comes now the defendant in the above styled cause and moves the court to vacate, set aside and hold for naught the judgment heretofore entered against the defendant and as grounds for said motion sets down the following separately and severally, to wit:

"(1) For that said judgment is contrary to law.

"(2) For that said judgment is contrary to law and evidence.

"(3) For that said judgment was obtained by the misconduct or fraud of the plaintiff in this: The case was set on the civil jury docket for trial on Tuesday, December 9, 1947. On Monday, December 8, 1947, the case was transferred to the non-jury docket. A non-jury docket was set for trial on Friday, December 12, 1947. On Friday, December 12, 1947, your defendant went to the circuit clerk's office in the courthouse at Pell City, Alabama, and inquired of Hon. J. W. Truitt, Circuit Clerk, about said cause, and was told by Mr. Truitt that the case was continued for the term, whereupon your defendant left the courthouse. Thereafter, on said date of December 12, 1947, the plaintiff prevailed upon the court to enter the present judgment in the absence of defendant and after the defendant had been informed by an official of the court that the cause had been passed for the term. And, although your defendant had a good and legal defense to this suit, he was denied his day in court and prevented from presenting said defense, by the irregular proceedings above stated."

This motion was continued from time to time. On August 2, 1948, the trial court granted the motion and vacated, annulled, set aside, and held for naught the judgment by default and restored the cause to the docket. To this action the plaintiff excepted.

The foregoing is a summary of the case made by the petition and the exhibits thereto.

The theory of the petition is that the trial court abused its discretion in setting aside the judgment by default because of the lack of diligence exercised by the defendant in the prosecution of his defense, since he entered no appearance prior to the time the judgment was rendered and because of a failure of averment and proof to the effect that the defendant had a good and meritorious defense.

The answer or return of the trial judge to the rule nisi avers that the petition and its exhibits, which include the record of the proceedings below, do not show a full and true picture of everything that tran-

spired. The return of the judge avers that "the trial Court, (your defendant here) on the day default judgment was entered of record, after strenuous insistence of Hon. W. T. Starnes, Attorney for Plaintiff below (Petitioner here), and after the Clerk of the Court, Hon. J. W. Truitt, informed the Court that said Defendant appeared in his office on the day said case was set for trial on the Jury docket and that he informed Defendant that his case was continued for that term of Court, the Court there informed Plaintiff's Attorney that the default judgment was conditional, and that if Defendant timely moved to set aside the judgment taken against him, because of the Clerk's telling him that his case would not be tried, that same would be set aside."

■ In passing upon the petition for mandamus, the return or answer of respondent, unless controverted, is to be taken as true. Ex parte Adams, 216 Ala. 353, 113 So. 313; Ex parte Schoel, 205 Ala. 248, 87 So. 801. In Ex parte Waldrop, 228 Ala. 38, 39, 152 So. 44, 46, it was said: "When the judge of a court to whom a rule nisi is issued out of this court on a petition for mandamus answers that petition, and it recites the occurrences in open court, not otherwise shown by the record, in his presence, it is taken by this court as presumptively true."

The petitioner has filed in this court what it terms a "Replication to Answer." It is as follows:

"Comes now the relators in the above styled cause and traverse and reply to the return or answer of defendant and file the following separate and several replications thereto, separately and severally:

"(1) Relators join issue on each separate and several denial of the material facts contained in return or answer of defendant, and deny each separate and several allegation of any matter therein contained."

■ The petitioner or relator has the right under the statute to join issue on the return. § 1073, Title 7, Code 1940, provides: "In any such proceeding, the return or answer shall not be conclusive, but the truth or sufficiency thereof may be put in issue and controverted." This statute changed the common-law rule which was that the return or answer was not traversable. Wilson v. Brown, 241 Ala. 178, 1 So.2d 914.

■ But the mere joining of issue of fact on the return or answer does not destroy the evidential value of the return. Having joined issue, the burden of controverting by competent legal evidence the facts stated in the return was upon petitioner or relator. Wilson v. Brown, supra. This petitioner attempted to do in a measure by introducing in evidence here an affidavit of Hon. W. T. Starnes, the attorney who represented it in the court below. As here pertinent, said affidavit is as follows:

"After suit was entered and service of process was obtained the cause was set down for a hearing by the Clerk of the Circuit Court of St. Clair County on December 9, 1947. On or about to wit, December 9, 1947, I saw the defendant, Hoyt Crump, and told him the case would be continued until Friday, December 12, 1947. The defendant Crump had not filed any pleading or appearance in the detinue suit at that time and has filed no appearance nor pleading at the time of making this affidavit, in so far as I am able to learn.

"I understand that on December 12, 1947, the Clerk of said Circuit Court informed the defendant Crump that the case would be continued for the term. On said date when the case was called by Hon. W. M. Rayburn, Judge of said Circuit Court, I made due and legal request for default judgment and it is my *recollection* that Judge Rayburn said at the time of taking said judgment that if the defendant came back in within the time allowed by law with a showing of good cause or a good defense in law, or words to that effect, the default judgment would be set aside." (Emphasis supplied)

As we understand the averments of this affidavit, it does not actually controvert the statements made by Judge Rayburn in his return as to what transpired at the time the default judgment was entered, but it does add a qualification thereto to the effect that Judge Rayburn would not set the default judgment aside upon request of the defendant, Crump, except upon "a

showing of good cause or a good defense in law." But the affidavit of Mr. Starnes does not positively aver that the Judge made such a statement. It merely avers that such was affiant's recollection.

In view of the positive averments made in the trial judge's return, which as before indicated are to the effect that there was no qualification or limitation placed upon his statement made at the time default judgment was entered, that he would set it aside upon request of defendant, we do not think that the affidavit introduced by the relator can be said to be evidence sufficient to overturn the trial judge's statements as to what occurred at the time the judgment was entered.

■ The motion to set aside the default judgment was filed within thirty days from the date of such judgment and was an exercise of the right of appellant to apply to the court for relief during such thirty-day period while the judgment was within the control of the court. § 119, Title 13, Code of 1940. It has been said many times by this court that until thirty days have elapsed all judgments by default or nil dicit are within the control of the court, or, otherwise stated, "are within the breast of the court, and, over such judgment during such period, the court has a discretionary power, irrevisable by mandamus, or otherwise, except for abuse of its discretion." Drennen Motor Co. v. Patrick, 225 Ala. 36, 38, 141 So. 681, 682; Ex parte Parker, 172 Ala. 136, 54 So. 572; Eminent Household of Columbian Woodmen v. Lockerd, 202 Ala. 330, 80 So. 412.

In the case of Garaca et al. v. Lusco, 232 Ala. 573, 169 So. 12, 13, it was said: "Within thirty days after a default or nil dicit judgment is rendered, the court has the power on such showing as appeals to its discretion to set it aside, and its judgment in doing so is not revisable at all by appeal, but only mandamus and then only for abuse of such discretion."

The petitioner insists that under the decisions of this court the trial court abused its discretion. Reliance is had upon the following decisions of this court: Stephens v. Bruce, 216 Ala. 677, 114 So. 306; Ex parte Central Alabama Dry Goods Co., 238

Ala. 20, 189 So. 56; Little v. Peevy, 238 Ala. 106, 189 So. 720; McDavid v. United Mercantile Agencies, Inc., 248 Ala. 297, 27 So.2d 499.

In Stephens v. Bruce, supra [216 Ala. 677, 114 So. 307], it appears that judgment nil dicit was rendered against Stephens on February 10, 1922. No motion to set aside the judgment appears to have been made during the thirty-day period following the date of the judgment. But in November, 1923, Stephens filed a bill against Bruce seeking injunctive relief against the enforcement of the judgment. The trial court denied relief and dismissed the bill on the ground that Stephens had not established that he had a meritorious defense. On appeal to this court it was said:

"*In cases of this character,* it is well settled, under the decisions of this court, that to justify relief against the judgment rendered, complainant must not only show a want of notice or knowledge of the suit, but 'he must go further, and show, both in averment and proof, that he had and has a defense good in law, and in what that defense consists.' * * *" (Emphasis supplied.)

A number of cases are cited to that effect. It is apparent that the rule of Stephens v. Bruce, supra, dealing with a bill in equity seeking to enjoin the enforcement of a nil dicit judgment is not controlling of the instant case where the trial court acted within thirty days after judgment was rendered.

The case of Ex parte Central Alabama Dry Goods Co., supra, did not involve a motion to set aside a judgment by default but came here on a petition for mandamus to require a circuit judge to enter a default judgment. The result in that case was based on the conclusion by this court from the facts set out in the opinion that the defendant was resorting to dilatory tactics for the purpose of obtaining a continuance. There was nothing in that case tending to show that the defendant's failure to be in court resulted from an act on the part of an officer of the court such as appears in the instant case. We do not think that case is controlling of the instant proceeding.

■ The case of Little v. Peevy, supra, in some respects does support petitioner's contention, but in so far as our research discloses it is the only case wherein this court has held that a trial court abused its discretion in setting aside a default or nil dicit judgment on motion filed within thirty days from date of judgment, unless the movant sufficiently alleges and proves, among other things, (1) that he was prevented from appearing or defending the action by accident or mistake which ordinary prudence could not have guarded against, (2) that he had a defense good in law and in what that defense consists. None of the cases cited in the opinion support that holding inasmuch as all of them dealt either with motions under the four-months statute, § 279, Title 7, Code of 1940, bills in equity to enjoin the enforcement of a judgment at law, or motions for a new trial where the judgment followed an actual trial rather than a judgment by default or nil dicit. Cognizance was not taken of the distinction existing between the rule applicable to the proceedings dealt with in the cases cited and that which applies when the court is called upon to set aside a judgment by default or nil dicit within the thirty-day period. Consequently, we must express our disapproval of those expressions contained in the case of Little v. Peevy, supra, which are susceptible of the construction that irrespective of the fact that good or sufficient reasons are made to appear for setting aside a judgment by default or nil dicit on motion made within the thirty-day period, the trial court is guilty of abuse of discretion if it does so in the absence of a showing by the movant that he was prevented from appearing and defending by accident or mistake and that he had a defense good in law and in what that defense consists. These are matters which the trial court may consider in determining whether or not it will vacate a default or nil dicit judgment on motion filed within the thirty-day period, but we are not willing to hold that where good and valid reasons are made to appear to the trial judge why such a judgment should be vacated, that it is an abuse of discretion to vacate in the absence of such showings.

The following quotation from the case of Ingalls Shipbuilding Corp. v. Cahela, ante, p. 163, 36 So.2d 513, 521, 522, is applicable here:

"There is another matter in this connection to which reference ought to be made in view of the opinion of the Court of Appeals in this controversy. Ex parte Ingalls Shipbuilding Corporation, 32 Ala. App. 609, 28 So.2d 808. That opinion shows that the Court of Appeals was of the opinion that because a petition was filed in the circuit court within thirty days after the order of approval, which petition prayed that the order be set aside for fraud, and such petition was acted on pursuant to section 119, Title 13, Code, as being in the extended term there provided, the circuit court therefore had a right as in term time to set aside the order in the exercise of its discretion. It shows that the court did not find fraud to exist as alleged. But thought that the circuit court had the power in term time as extended by section 119, supra, to set aside without finding either a statutory or common law cause to do so.

"We think they were confused by the principle that in term time the court has the inherent power to grant a new trial and set aside a judgment. That means a power which exists independently of statute, but has no reference to the causes which will justify its exercise. 14 R.C.L. 688, section 140. But such inherent power may only be exercised for common law causes. One such cause is that the trial court has a definite and well-considered opinion from the evidence that the verdict failed to do justice. Schaeffer v. Walker, 241 Ala. 530, 531, 3 So.2d 405; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Mixon v. Standard Tilton Milling Co., 30 Ala.App. 454, 7 So.2d 778; Batson v. State, 216 Ala. 275, 113 So. 300. The statutory causes are set out in section 276, Title 7, Code, and do not abrogate the common law causes. Parker v. Hayes Lumber Co., supra.

"But as to judgments by default, the power of the court in term time is discretionary, and not dependent upon either common law or statutory grounds. Ex parte Parker, 172 Ala. 136, 54 So. 572; DuPree v. Hart, 242 Ala. 690, 8 So.2d 183;

Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681. The same rule applies to non-suits. Harris v. Town of East Brewton, 238 Ala. 402, 191 So. 216. And the cases cited by the Court of Appeals justifying such power are those in which judgment by default or nil dicit was entered. Ex parte Doak, 188 Ala. 406, 66 So. 64; Ex parte Parker, 172 Ala. 136, 54 So. 572.

"Section 764, Title 7, Code, would serve no purpose if the court could exercise a discretionary power to grant a new trial without good cause.

"That statute was first enacted in 1891, —see, Code of 1896, section 434. As to that Act this Court in Truss v. Birmingham, LaGrange & Macon R. Co., 96 Ala. 316, 11 So. 454, 455, held that it was not intended to take away from nisi prius courts their inherent power in the exercise of a sound discretion to set aside defaults at the term at which they were entered. It only applies to appeals from decisions granting or refusing new trials. A default does not imply a trial. A new trial is there said to be a 're-examination of an issue of fact in the same court after a trial and decision by a jury or court or referees,' and the purpose on appeal is to determine whether the trial court erred in granting or refusing a new trial; and that no such determination is applicable to a judgment by default rendered without a trial. Ex parte Gay, 213 Ala. 5, 104 So. 898.

"In Colley v. Spivey, 127 Ala. 109, 28 So. 574, it is said that a motion to set aside a judgment by default is discretionary and not subject to review on appeal. To the same effect is Haygood v. Tait, 126 Ala. 264, 27 So. 842."

In McDavid v. United Mercantile Agencies, Inc., 248 Ala. 297, 27 So.2d 499, an original petition for mandamus was filed in this court to require a circuit judge to set aside an order refusing to vacate a judgment by default. We denied the writ. The writer of the opinion in the instant case wrote the opinion for the court in the McDavid case, supra, and cited the case of Little v. Peevy, supra, as authority for the following statement: "It is established by this court that such a motion must not only show that the defendant had a defense good in law and of what that defense consists, but must also show that defendant was prevented from appearing and defending the action by accident or mistake which ordinary prudence could not have guarded against." 248 Ala., at page 300, 27 So.2d at page 502.

From what has been said in regard to the decision in the case of Little v. Peevy, supra, it follows that the above quotation from McDavid v. United Mercantile Agencies, Inc., supra, is incorrect. Reliance upon the incorrect holding in Little v. Peevy, supra, did not affect the correctness of the conclusion in the McDavid case, supra, for in the latter case we held that the trial court had not abused its discretion in refusing to vacate the default judgment. The language above used from the McDavid case and any other language contained therein which indicates that the trial court abuses its discretion in vacating a default or nil dicit judgment on motion made within thirty days, unless the movant has complied with the rules which apply where the motion is made under the four-months statute or to bills in equity to enjoin the enforcement of judgments at law or to motions for new trials where there has actually been a trial, is disapproved.

The proper conduct and disposition of the business of nisi prius courts necessarily involves the exercise of some discretion by the court. Varying circumstances may arise which call for the use of discretion which is in the power alone of the trial court. Since it is the only tribunal which can take immediate cognizance of the attending circumstances, the trial court is presumed to be the one most capable of determining the proper action in a given case. Therefore, it is an established rule that, though the abuse or arbitrary and unjust use of discretion may be controlled, yet the discretion of the court to which it properly belongs when reasonably exercised is not to be supplanted by the judgment of another, though a superior court.

The defendant Crump was not at fault in relying upon the advice given him by the clerk of the circuit court. This the trial court recognized at the time it entered the default judgment. He advised counsel for the plaintiff that if motion was

duly filed to vacate the judgment, he would grant it. Under these facts, we will not say that the trial court abused its discretion in vacating the default judgment, although the defendant in its motion and proof may not have complied with the rules applicable to motions made under the four-months statute, to proceedings in equity filed to enjoin the enforcement of judgments at law and to motions for new trials where there was a trial. We are constrained to hold that error is not made to appear in the action of the trial court in granting the defendant's motion to vacate the default judgment and in restoring the cause to the trial docket. It results as our conclusion that the petition for mandamus must be denied.

Mandamus denied.

BROWN, FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.