93 So.2d 440

**Jesse W. MOORE**

**v.**

**Jesse JACOBS.**

**8 Div. 869.**

Court of Appeals of Alabama.

March 5, 1957.

Malone & Malone, Athens, for appellant.

Bruce Sherrill, Athens, and W. L. Chenault, Decatur, for appellee.

PRICE, Judge.

Plaintiff brought suit against defendant for $2,000 on the common count for an account.

An interlocutory judgment by default was taken against defendant on October 7, 1955, with leave to execute a writ of inquiry, which was executed on October 19, 1955, the amount of damages ascertained to be $2,000, and a final judgment rendered on that day.

Upon the hearing of the defendant's motion to set aside the judgment by default

and grant a new trial, the court on December 1, 1955, ordered a new trial unless the plaintiff remit all amounts in excess of $500. On December 12, 1955, the plaintiff having complied with said order, the court entered this judgment:

"The plaintiff having filed his remittitur in writing in excess of $500.00 and agreeing that the judgment in this cause may be reduced to $500.00,

"It is, therefore, hereby considered, ordered and adjudged by the Court that the judgment in this cause be and the same is hereby reduced to $500.00, and the costs of court. It is further ordered and adjudged that the motion for a new trial be and the same is hereby overruled and denied."

The notice of appeal reads:

"Now comes Jesse W. Moore, the defendant in the above styled cause and gives notice of his desire to take an appeal to the Court of Appeals from the judgment of the Circuit Court rendered on the 19th day of October, 1955, and also from the judgment of said court overruling his motion for new trial entered on December 1, 1955."

The law is well settled in this jurisdiction that a judgment by default will support on appeal. Brown v. Brown, 213 Ala. 339, 105 So. 171. But the court's ruling granting or denying a motion to set aside a judgment by default or nil dicit is not reviewable by appeal, mandamus being the appropriate remedy in such instance. Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560.

We have not found a case in this jurisdiction involving the exact question presented here, and resort to decisions elsewhere is necessary.

In the case of Chenoweth v. Great Northern Ry. Co., 50 Mont. 481, 148 P. 330, a verdict of $25,000 in favor of plaintiff and against defendant was returned and judgment entered thereon. Upon consideration of a motion for a new trial, the court made a conditional order for a reduction of the amount of the verdict to $15,000, and, plaintiff having complied with this order, the judgment was modified accordingly, and a new trial denied. The defendant attempted to appeal from the judgment for $25,000 and from the judgment for $15,000, and from the order denying a new trial. The court said: "The judgment for $25,000.00 was not in existence at the time the appeals were taken. It had been superseded by the modified judgment for $15,000.00, and the attempt to appeal from the judgment originally rendered was therefore abortive."

The attempted appeal here is from the judgment for $2,000, rendered on October 19, 1955, and from the conditional order of December 1, 1955. The judgment for the reduced amount rendered on December 12, 1955, having superseded the judgment of October 19, 1955, no appeal will lie from the original judgment.

Since there is nothing which we can review on this appeal, it therefore follows that the appeal must be and it is dismissed.

Appeal dismissed.