115 So.2d 493

James E. BRECKENRIDGE

v.

Magdalene LESLIE.

6 Div. 463.

Supreme Court of Alabama.

Nov. 5, 1959.

day, January 2, 1959, after which defendant was in default. Tit. 1, § 12, as amended, Code 1940.

On January 5, 1959, two events occurred, each without knowledge of the other party —the plaintiff asked for and obtained a judgment by default, and a demurrer to the complaint was filed by defendant.

On January 22, 1959, a motion was filed to set aside the default judgment. The motion was duly continued and was overruled on February 13, 1959.

The only question requiring a decision is whether the trial court erred in refusing to set aside the default judgment.

Mandamus is the remedy by which this court exercises its supervisory jurisdiction in case of abuse of discretion in the denial or in the granting of a motion to vacate a judgment by default or nil dicit. And while the judgments are within the breast of the court, and over such judgments during the 30 day period provided by Tit. 13, § 119, Code 1940, the court has a discretionary power, irrevisable by mandamus, or otherwise, except for abuse of discretion. Robinson Co. v. Beck, 261 Ala. 531, 74 So.2d 915; Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681.

A demurrer to a complaint is not a plea to the merits; and the filing of a demurrer after the time prescribed by law is a privilege to be accorded or denied within the sound discretion of the trial judge, a discretion not revisable on appeal. Street v. Browning, 205 Ala. 110, 87 So. 527; MacMahon v. City of Mobile, 253 Ala. 436, 44 So.2d 570.

Petitioner states in brief as follows:

"* * * It was in the sound discretion of the court to set aside the default judgment, it still retaining jurisdiction in the case commonly referred to as being within the breast of the court, even though the motion was heard outside of the 30 day period. The court

Cas B. Tyler, Birmingham, for appellant-petitioner.

Barber & Barber, Birmingham, for appellee and respondent.

MERRILL, Justice.

Petition for mandamus to require Honorable Whit Windham, Judge of the 10th Judicial Circuit, to show cause why he should not grant a motion to set aside a judgment by default, entered on January 5, 1959.

Plaintiff filed a complaint for $1,400, as the balance due on certain personal property, as evidenced by a promissory note, and also had a count in detinue for the property.

The defendant-petitioner was served on Tuesday, December 2, 1958. Under Tit. 7, § 248, Code 1940, defendant was required to plead, answer or demur within 30 days or by Thursday, January 1, 1959. This being a holiday, the last day was Fri-

abused its discretion in failing to set aside the default judgment in its action of overruling the motion."

We agree thoroughly with the first quoted sentence. There is nothing in the record before us to support the second sentence that the court abused its discretion. We know from the minute entry that the motion to set aside the default judgment was heard, argued and submitted and, after consideration, was overruled.

█ In the absence of any showing of abuse of discretion on the part of the trial court on a matter which is left largely to the discretion of that court, we do not issue writs of mandamus. Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560; McDavid v. United Mercantile Agencies, 248 Ala. 297, 27 So.2d 499; Brown v. Brown, 213 Ala. 339, 105 So. 171. See Skelton v. Weaver, 266 Ala. 335, 96 So.2d 288.

Petition for mandamus denied.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.