123 So.2d 603

Ex parte GLOBE LIFE INSURANCE COMPANY OF ALABAMA.

8 Div. 674.

Court of Appeals of Alabama.

Oct. 4, 1960.

PRICE, Judge.

This is an original proceeding by mandamus to require W. H. Quillin, as Judge of the Law and Equity Court of Franklin County, to show cause why he should not grant a motion to set aside a judgment by default rendered against petitioner on July 23, 1959. On the filing of the original application we issued a rule nisi. The cause was submitted on the petition for mandamus and demurrer filed thereto by Judge Quillin.

The cause was submitted on September 23, 1959. We judicially know that the respondent Quillin resigned his office as such judge of the Law and Equity Court of Franklin County on September 28, 1959.

The 1959 Legislature, regular session, by Act No. 620 approved November 19, 1959, abolished the Law and Equity Court of Franklin County and re-established the County Court of Franklin County in lieu of the Law and Equity Court, said Act provides:

"The county court shall have original jurisdiction concurrent with the circuit court of all misdemeanors and all public offenses, except felonies, committed within the county," and provides further: "When this Act becomes law every case pending in the abolished court which is within the jurisdiction of the court hereby established shall be transferred from the docket of the abolished court to the county court, and all other cases now pending in the abolished court shall be transferred from the docket of the abolished court to the circuit court of Franklin County."

It is provided by the Statute, Section 1076, Title 7, Code 1940, that in proceedings under Chapter 30 of the Code for mandamus, prohibition, certiorari and other remedial writs, "If any officer against whom such proceedings are had should die, or otherwise vacate his office, while the same are pending whether on appeal or otherwise,

S. P. Keith, Jr., Birmingham, for petitioner.

H. Neil Taylor, Russellville, for respondent.

the same may be revived against his successor in office, in the manner in this chapter provided."

Counsel for petitioner has presented to this court copy of a letter addressed to Honorable Clifford K. Deloney, Circuit Judge of the 31st Judicial Circuit, dated March 28, 1960, demanding that the motion for a new trial be granted, together with Judge Deloney's letter in reply, as follows:

"In reply to your letter of March 28, 1960, asking that I, as succeeding Judge to W. H. Quillin, grant the motion for a new trial, I most respectfully reply that Judge Quillin, during his tenure of office, saw fit not to grant the new trial, and there is a mandamus now pending in an effort to order the new trial, and that I will not grant a new trial in this matter unless ordered to do so by the Appellate Courts."

No motion or application to revive the proceedings against a Judge of the Circuit Court to which the case was transferred and to substitute him as defendant has been made. We think there has not been a substantial compliance with the provisions of Section 1077, Title 7, Code 1940.

■ The present defendant would be without authority to comply with a peremptory writ of mandamus, if ordered, Ex parte Trice, 53 Ala. 546. The proceedings must be dismissed.

But, we are clear to the conclusion that if the proceedings were not dismissed because of the failure to substitute a Judge of the Circuit Court as defendant, and if the application were considered on its merits, it must have been denied.

The motion to set aside the default judgment was filed within thirty days from the date of such judgment. In Breckenridge v. Leslie, 270 Ala. 23, 115 So.2d 493, 494, it is said:

"Mandamus is the remedy by which this court exercises its supervisory jurisdiction in case of abuse of discretion

in the denial or in the granting of a motion to vacate a judgment by default or nil dicit. And while the judgments are within the breast of the court, and over such judgments during the 30 day period provided by Tit. 13, § 119, Code 1940, the court has a discretionary power, irrevisable by mandamus, or otherwise, except for abuse of discretion. Robinson Co. v. Beck, 261 Ala. 531, 74 So.2d 915; Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681."

One ground of motion is that the defendant has a meritorious defense to said action. The petition avers that certain evidence in support thereof was produced on the hearing of the motion to set aside the judgment. The testimony taken on the hearing is made a part of the petition, as though fully set out therein.

■ On the hearing of a motion to set aside the judgment, "When the evidence is ore tenus, or partly so, and the trial court has the advantage of seeing and hearing the witnesses, this court will not disturb the conclusion unless it is plainly and palpably contrary to the weight of the evidence." Druhan v. Mobile Light & R. Co., 25 Ala. App. 357, 146 So. 421.

It was further shown that subsequent to the filing of this suit a second complaint was filed against defendant by Florence L. Pifer. Both complaints were served on petitioner at the same time and on the same date. "Subsequently, the file was forwarded to petitioner's attorney, who was under the mistaken belief that there was only one suit filed against petitioner." Demurrer was filed in the case of Florence L. Pifer, but,

"Petitioner inadvertently failed to make an appearance in said cause and by mistake confused said cause with cause styled Florence L. Pifer v. Globe Life Insurance Company of Alabama, a corporation, and did not discover that there was a case filed against it by

Stanley Pifer until after the judgment was rendered on to-wit, July 23, 1959."

No abuse of discretion is shown in the court's refusal to set aside the judgment on this ground of the motion. Ex parte Walker, 54 Ala. 577; Eminent Household of Columbian Woodmen v. Lockerd, 202 Ala. 330, 80 So. 412; McCord v. Harrison & Stringer, 207 Ala. 480, 93 So. 428; Brown v. Brown, 213 Ala. 339, 105 So. 171.

In Breckenridge v. Leslie, supra, the court said:

"In the absence of any showing of abuse of discretion on the part of the trial court on a matter which is left largely to the discretion of that court, we do not issue writs of mandamus. Ex parte State ex rel. Atlas Auto. Finance Co., 251 Ala. 665, 38 So.2d 560; McDavid v. United Mercantile Agencies, 248 Ala. 297, 27 So.2d 499; Brown v. Brown, 213 Ala. 339, 105 So. 171. See Skelton v. Weaver, 266 Ala. 335, 96 So.2d 288."

We cannot say that the trial court abused its discretion in refusing to set aside the judgment.

The petition is dismissed.