This Court generally will not grant a petition for the writ of certiorari that does not comply with Rule 39, Ala.R.App.P.; however, once a petition has been granted, I believe the case is "in the breast of the Court"[3] and that this Court should address the case on its merits. Doing so is consistent with the basic principle underlying the Rules of Appellate Procedure, set out in Rule 1: "[These rules] shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits."
If King's petition for the writ of certiorari had come before me, I might not have voted to grant it.[4] Nonetheless, the Court did grant his petition and his case is now before us. I believe this Court should decide it on its merits. Having considered the merits, I concur in the opinion.
[3] See McDavid v. United Mercantile Agencies, Inc., 248 Ala. 297,299, 27 So.2d 499, 500 (1946) (equating the phrase "within the breast of the court" with "within the control of the court").
[4] I was not a member of the division of this Court that granted the petition for the writ of certiorari. See Rule 16(a), Ala.R.App.P.