This is an appeal from the denial of several post-trial motions in a case involving the amendment of restrictive covenants. We affirm.
Plaintiff/appellant is a homeowner in Forest Park Estates Subdivision in Baldwin County. He brought this lawsuit against defendant/appellee Easley to enjoin him from violating the restrictive covenants of the subdivision. At the time this lawsuit was filed, the defendant had been in the process of building a house on the lot for over two years. The covenants in effect at the time he purchased the lot read in relevant part as follows:
 "(6) No structure of a temporary character, trailer, basement, tent, shack, garage, barn, or outbuilding shall be used on any of the lots, at any time as a residence either temporarily or permanently.
 "(7) No mobile-home or trailer shall be parked or placed on any lot at any time without written consent of the Declarant.
"* * *
 "(20) At any time or times, these covenants, restrictions and limitations may be changed or amended by vote and agreement of the then owners of a majority of the lots in said subdivision, if Declarant consents and agrees to each such change or amendment in writing, such agreement and consent to be evidenced by a duly recorded instrument signed by a *Page 47 
majority of such owners, and also by Declarant or its successors."
At trial, the court heard ore tenus evidence and found that defendant's use of a utility trailer as a tool shed did not violate the covenants. The court also found, however, that the defendant had violated the covenants by parking a 31-foot Terry Travel Trailer on his lot — the court noting that "even though this travel trailer is not currently connected to utilities, it is capable of being connected to utilities and being used as a residence" — and entered an order enjoining the defendant from continuing to keep the trailer there. The defendant removed it for a short time, but eventually returned it to his driveway. The plaintiff then filed a motion to hold the defendant in contempt for having disregarded the court's order. After a hearing on the motion, the trial judge entered an order finding the defendant in contempt for failing to comply with his initial order.
The defendant persisted in keeping the trailer on his land. During that time, he attempted to have the covenants amended. On February 20, 1985, an amendment to the covenants was filed with the Baldwin County Probate Court. In the amendment, paragraphs 6 and 7 were deleted. A paragraph was added which states:
 "(13) No mobile homes are allowed on any lot. Recreational trailers and motor-homes shall be permitted provided that they are not connected temporarily or permanently to a sewer system."
The amendment as filed allegedly was signed by a majority of the property owners in the subdivision.
The plaintiff filed a post-trial motion to purge the amendment from the record. He contended that the signatures either had been falsified or obtained by fraud. Plaintiff also filed a motion asking the court to enforce its previous contempt order because the defendant continued to keep his travel trailer on the lot. A hearing was held on the motions, and the trial judge entered an order denying both and dismissing the case. The appellant states the following in his brief:
 "A motion hearing was held November 6, 1985. This hearing was held in Judge William I. Byrd's office and no transcript was made. The judge stated that I would have to file a new complaint to establish validity of the covenants defendant Easley filed February 20, 1985. He would not rule the above covenants valid or invalid nor take action against defendant and others for the document falsifications which obviously violated the Alabama Criminal Code. Action Summary page 217 of index." (Emphasis added.)
The order entered by the trial judge in the case action summary reads as follows: "11-6-85 Plaintiff's motion to purge falsified documents is denied. Plaintiff's motion for contempt of court is denied. Case dismissed without prejudice. Done in office this date. /s/ William I. Byrd, Judge."
Because this case was heard by the trial judge without a jury and decided by him as factfinder, the ore tenus rule applies. "There is thus a presumption of correctness in the trial judge's findings and his judgment based on those findings should not be disturbed unless palpably wrong, without supporting evidence, or manifestly unjust." Clardy v. CapitalCity Asphalt Co., 477 So.2d 350 (Ala. 1985); Ex parte GlobeLife Ins. Co. of Alabama, 41 Ala. App. 82, 123 So.2d 603
(1960).
Notwithstanding what appellant states in his brief, the record does not indicate that the trial judge refused to determine whether the amendments were falsified. Our review is limited to the record alone and the record cannot be changed, altered, or varied on appeal by statements in briefs of the parties. Bechtel v. Crown Central Petroleum Corp.,451 So.2d 793, 795 (Ala. 1984). We must assume that the trial judge would not have declared the case moot without determining whether the amendments on which he based that holding were legitimate. If the amendments were fraudulently obtained and proof of this fact was made, then the plaintiff was entitled to have the original covenants and the contempt order enforced; however, *Page 48 
there is nothing in the record which indicates that the signatures in support of the amendment were falsified or obtained by fraud, and we must conclude that the trial judge found that they were not. Thus, the order of the trial judge dismissing the suit is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ.