PER CURIAM.
In its order dismissing the plaintiff’s case, the trial court observed: “The reason I dismissed it was that the Supreme Court, in its opinion [Windom v. Easley, 495 So.2d 46 (Ala.1986) ], held that Judge Byrd had ruled on the effectiveness of the amendment [to the subject restrictive covenant]. And it is my opinion that I am bound by the [Court’s] ruling and [that] the present action is barred by what is known as res judicata.”[1]
*238 This order of dismissal is a misreading of our opinion in Windom v. Easley. We acknowledge that certain language in the last paragraph of that opinion may be confusing; but we were addressing the issue there presented in a prior claim in which the appellee Easley was the only named defendant. Indeed, as the appellee’s brief in Windom v. Easley pointed out: “[Judge Byrd] explained that Mr. Windom could file a new suit attacking the validity of the latest covenants, which Mr. Windom has done in Baldwin County Circuit Court case no. CV-85-500205.” In that new suit, Windom named as an additional defendant Sheffield Enterprises, Inc., the only appel-lee in the instant appeal.
In these circumstances, it is axiomatic that the plaintiff’s present claim against Sheffield is not barred by the principles of res judicata or by the law of the case doctrine.
REVERSED AND REMANDED.
JONES, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.

. We note that the circuit judge in the instant case is not the same circuit judge whose ruling was affirmed in Windom v. Easley.